Peck, J.,
delivered the opinion, of the Court.
The motion in this case, as presented, asked that eight special pleas filed on behalf of the United States should be stricken from *196 the files. Since the filing of the motion a stipulation has been placed of record which only renders it necessary that the motion as applicable to the eighth plea should be considered. •
The eighth plea traverses the allegation of the petition averring that Russell, Majors & "Waddell, the original holders and owners of the bills of exchange or drafts described in the petition of the claimants, and which are the foundation of the claim, have at all times borne true allegiance to the government, &c., and have not in aiiy way voluntarily aided or abetted, or given encouragement to, rebellion against the government. This plea was not interposed upon leave, nor until some considerable time after a general traverse of all the allegations of the petition had been filed. A general demurrer to the petition had also been previously argued and overruled.
It is insisted by the claimants that the eighth plea is declinatory, and was not filed in apt time.
We do not intend that our proceedings shall, in all respects, conform to or be regulated by the common law system of special pleading. Constituted as tbis court is, it is not requisite that the pleadings before it should necessarily present a single issue for its consideration, as is generally considered indispensable in trials by jury. We propose to be controlled ‘by the substance of tilings rather than by forms or technicalities. The exact rules of special pleading are not necessarily adapted to our jurisdiction.
The allegations traversed by this plea are of substance, and, upon a proper case made, would defeat a recovery. The jurisdiction of the court is made to depend upon them.
If the facts denied by this plea, upon the trial of an issue raised by it, should be found against the claimants, their case is at an end, and no further proceedings can be had. It would be, so far as this court is concerned, an extinction of their claim. Hence, it would seem to he improper for us to deny to the Solicitor for the government the privilege of filing such traverse, whenever, in his judgment, the public interest would he promoted by it. Should we limit the government as to time in so essential a defence as this, it would probably work a greater inconvenience to claimants than to leave the practice as it now is, as the Solicitor would probably feel it his duty, out of abundant caution, to interpose it in all cases, whether he had or had not reason to think it would protect the government.
It would be promotive of justice, perhaps, if the Solicitor would, when practicable, if he desires to interpose this traverse at a late day, *197 obtain leave for the purpose, as is indicated by the eighth rule of practice.
Mr. O. B. Goodrich for claimant.
Mr. J. J. Weed, Assistant Solicitor, for the government.
In the case under consideration, it is not perceived how any taint of disloyalty which might prejudice Russell, Majors & "Waddell could affect "the present claimants. The drafts upon which this petition rests were drawn, accepted, and indorsed by these impugned parties long- anterior to the rebellion referred to by the statute, and whatever contract existed which can entitle the claimants to a hearing, had its inception at the time of'the making of the drafts, or of their indorsement ; and subsequent disabilities, if any exist, implicating Russell, Majors & Waddell, could not, by any legal or equitable construction, so retroact as to defeat whatever rights the present claimants had previously acquired. The rights of the claimants, no bad faith appearing, attached at the moment of transfer; and it may well be supposed that no design then existed, nor is there any pretence of this, to prepare for or evade the disabilities contemplated by the twelfth section of the act of 1863.
The eighth plea fails to aver that Russell, Majors & Waddell, at the time of the making and indorsing of these bills, were disloyal. Had it contained this averment, a different question would be presented; but as it is conceded that proof could not be made to sustain an averment of this character, further discussion is unnecessary.
Inasmuch as the eighth plea under our conclusions will only encumber the record, we allow the motion. ■