Nott, Ch. J.,
delivered the opinion of the court:
• It has been a common and convenient practice in this court, where there are two suits between the same parties growing out of the same contract or cause of action, to consolidate them, to the end that the evidence in the first need not be duplicated in the second and that both may be disposed of by one trial and argument. Conversely, under like conditions, parties have been allowed to bring in subsequently accruing demands by amendments. In such cases it is manifestly immaterial whether the second cause of action be brought in by a second suit and the two suits be then consolidated, or whether it be brought in by directly making it a count in the original suit. The difference will be only one of form.
But this practice extends properly only to cases where the cause of action is substantially the same in both suits, as for installments successively becoming due on the same contract, or rents for different periods on the same lease. In such cases an adjudication in the first suit would be operative as res judi-cata or by way of estoppel in the second; that is to say, if the contract or lease has been established in the first suit, all that the plaintiff will have to show in the second will be that another installment has become due; and, conversely, if the contract or lease has been declared void in the former suit, the defendants in the latter one, can use the adjudication by way of estoppel.
In the present case the claimant brought his action for the use of his patented invention in a machine for rifling cannon, operated by the defendants in the Washington Navy-Yard.
Subsequently by successive amendments he set up causes of action, which had accrued after the suit was begun, for the use of his invention in a similar machine in the Watervliet Arsenal; and again for the use of his invention in a machine for cutting the interruptions in the screws of the breech mechanism of guns; and again for the use of his invention in a third *338 form of machine, viz, for cutting the recoil cylinders of heavy guns.
The validity of the patent may be a question in all of these instances of user, and it may be conceded that if the patent be overthrown that will be the end of each cause of action; but at the same time it is plain that there are at least three different causes of action brought into one case. The machines for rifling cannon may amount to a case of infringement, as between ordinary parties, and still the machine for cutting screw interruptions may not infringe. Again, both of these may constitute infringements, and yet-the machine for cutting recoil cylinders may not involve a use of the invention. So, too, the damages may be different. The royalty in the case of the one machine may afford no criterion for the royalty to be recovered in the case of the others. The three causes of action are distinct, except so far as they depend upon the validity of the same patent.
It is manifest that such causes of action can not be brought together in one suit by proceedings subsequent to the bringing of the original action without the consent of both parties. It was done in this case without obtaining the consent of the defendants. But consent may be given by acquiescence without being reduced to a formal agreement. (Speed’s Case, 8 Wall., 77; Green’s Case, 38 0. Cls. R., 93.)
In this case the first of the amendments was filed March 24, 1894; the second, August 13,1896; the third, October 23,1897; and the defendants’ motion to dismiss was not.filed until March 8,1898.
The court does not feel at liberty, after this delay on the part of the defendants, to summarily strike out these amended petitions, inasmuch as the statute of limitations would cut off part of the different demands if a new suit were instituted now. The court, however, will order the causes of action severed, and the amended petitions to be regarded as original petitions as of the time when they were filed and to be proceeded with as separate and distinct actions.
The order of the court is that the causes of action set up by the original and the amended petitions in this case be severed, and that the amended petitions stand as new and original petitions as of the time when they were severally filed, with leave to the defendants to plead or demur thereto within sixty days from the entry of this order.