## DISTRICT OF COLUMBIA *v.* TALTY.

### APPEAL FROM THE COURT OF CLAIMS.

No. 238. Argued April 12, 15, 1901.—Decided May 27, 1901.

In this case this court holds, (1) that it was not error in the court below to try the case on the amended petition; (2) that the report to the Government of a person employed by the Attorney General in this case was properly rejected as evidence; (3) that there was no error in the rulings of the court below.

THE case is stated in the opinion of the court.

*Mr. Robert A. Howard* for appellant. *Mr. Assistant Attorney General Pradt* was on his brief.

*Mr. V. B. Edwards* for appellee.

MR. JUSTICE McKENNA delivered the opinion of the court.

This action was brought in the Court of Claims under the act of Congress approved June 16, 1880, 21 Stat. 284, c. 243, entitled "An act to provide for the settlement of all outstanding claims against the District of Columbia, and conferring jurisdiction on the Court of Claims to hear the same, and for other purposes."

The purpose of the action was to recover compensation for work done and materials furnished under certain contracts entered into between the District of Columbia and appellee. The

court found that there was due appellee, on March 18, 1876, the sum of $4180.44, and entered judgment for that amount on February 20, 1899, from which judgment the District took this appeal.

The original petition was filed on December 15, 1880, issue was joined, and the case referred to a referee. Two reports were made by him, but no trial was had thereon. On the 22d of June, 1897, on motion of claimant (appellee), the District consenting, the case was referred to Frank W. Hackett, Esq., to take and state the account between the parties. On the 28th of July, 1897, the claimant, by leave of the court, filed an amended petition, in which he alleged that he entered into a contract with the board of public works of the District on the 7th of August, 1873, numbered 826, for the improvement of certain streets, and for which he was to receive the prices established and paid by the board for work of similar character. The contract was extended, respectively, on the 17th of September, 1875, and the 3d of December, 1875, to embrace work on other streets. The contract and the extensions filed by the Commissioners were referred to. It was alleged that the work was done to the satisfaction of the District, and was duly measured and certified to by the engineers of the District, and that the work done amounted to the sum of $49,323.54; amount paid thereon, $49,033.91; leaving due and payable January 15, 1876, the sum of $289.63. The measurements returned by the Commissioners of the District were referred to.

It was also alleged as follows:

" That under the provisions of the new contracts, called extensions, the claimant performed a large amount of work on K street, between Third and Seventh northeast, which was duly accepted by the District of Columbia, and certified measurements issued at the written contract rates, one measurement for $10,504.60, which was audited by the board of audit, and one measurement for $2570.30. This last measurement was not audited by the board of audit, not having reached said board of audit prior to the abolition of said board, and the said measurements, amounting to the sum of $13,074.90, remain due and unpaid, less the sum of $9184.45 paid on account thereof in

partial measurements, leaving a balance due on the work done under the extensions of said contract the sum of $3890.45, due and payable March 18, 1876.

" (See measurement of March 18, 1876. Returned by Commissioners of the District of Columbia.)

" The claimant therefore demands judgment against the District of Columbia in the sum of four thousand one hundred and eighty dollars and eight cents ($4180.08), as a debt against the District of Columbia, due and payable as follows . $289.63, January 15, 1876, and $3890.45, March 18, 1876, and such other sums as your petitioner shall prove to be due to him from the District of Columbia, but which your petitioner cannot at present specifically state, for want of records not in his possession."

There are a number of assignments of error, but, to quote counsel for the District—

" The errors insisted upon by the defendant, the District of Columbia, all arise from, and may be said to be included in, the failure to try the case originally brought, and the impossibility, on account of the loss and destruction of all the records in the case, to state an account between the claimant and the District."

It is, therefore, also insisted by the District that claimant (appellee) " should have endeavored to substitute a petition for the one lost," and he not having done so, no trial could have been had. It was on this assumption that the District requested the court to find (and error is now assigned because the court did not find) that the original petition was based on other contracts than contract No. 826 and its extensions; that the case was referred to Daniel Donovan, who made two reports, and that all of the papers, including the original petition, contracts, (except contract No. 826 and the two extensions thereof,) vouchers and report of referee have been lost; that Donovan died without making a report under the second reference, and that after the reference to Hackett the petition was amended by leave of the court; that Donovan reported certain excess of payments amounting to $1377.03 under contract No. 826, and was made by allowing for work at " board rates," instead of contract rates; than the greater part of the settlement made

under contract No. 828, and all settlements under the extensions of the contract, were made at "board rates."

It was not error in the court to try the case on the amended petition. It was filed without objection being made, but it would have been no error even if objection had been made. It finally rested the right of recovery upon contract No. 828 and its extension. That contract and its extensions were relied on in the original petition. There was, therefore, only a limitation of the action, not a change of it. If the District had any rights or defences on account of the other contracts, such rights and defences could have been set up or established by evidence. We said in *United States* v. *Burns*, 12 Wall. 246–254, that "the Court of Claims, in deciding upon the rights of claimants, is not bound by any special rule of pleading."

The District further contends that the proof of the claimant was defective, and did not justify the report of 'the referee and the judgment of the court upon it; and also contends that what is claimed to be a report of Donovan should have been received as evidence. Its rejection was certainly not error. Treating it as a report, it was not acted on in any way; besides, it was in no sense a report. It is claimed to be, it is true, but it was found in a letter written by Donovan, in pursuance of his employment at $10 per day, by the Attorney General of the United States, to Mr. Brannigan, one of the assistant attorneys of the Department of Justice. In other words, what is claimed to have been found out and reported by Donovan, as attorney against the claim, is urged as evidence against the claim. The paper is as follows:

"WASHINGTON, D. C., June 25, 1891.
"Felix Brannigan, Esq.,
    "Assistant Attorney, Department of Justice.

"Sir: In compliance with your request and verbal instructions, and under my appointment by the Attorney General of the United States of November 11, 1890, I have made a careful, thorough and searching investigation of all records, vouchers and other papers pertaining to every of the cases relating to the District of Columbia now pending in the United States

Court of Claims under the act of June 16, 1880, and beg to submit the following report as the result of such research:

\*      \*      \*      \*      \*      \*      \*      \*

"Stephen Talty
*v.*              } No. 335.   Referred list (p. 36).
The District of Columbia.

"This case involved the examination and stating of accounts under seven separate and distinct contracts. It was referred to me as referee by the Court of Claims, and was reported under a rule of said court, heretofore referred to in Murray's case No. 90.

Said report shows that claimant is entitled to recover
from the defendant under his several contracts the
sum of....................................... $1814 79
It further shows that claimant is indebted to defend-
ant, by reason of overpayment by the board of
audit, in the amount of........................   989 71

Thus leaving a net balance due claimant...........  $825 08

Attached to said report and forming part thereof is the following set-off:

File No. 22. 61.5 square yards of cobblestone pave-
ment relaid, allowed at 37 cents per yard in lieu of
30 cents, the contract rate.   Excess, 7 cents per yard
on 61.5 yards.................................   $4 30
8237.98 cubic yards grading, allowed at 40 cents per
yard in lieu of 30 cents, the contract rate.   Excess,
10 cents per yard on 8237.98 yards..............   823 79
784.20 cubic yards rock excavation, allowed at $1.00
per yard in lieu of 30 cents per yard, the contract
rate.   Excess, 70 cents per yard on 784.20 yards..   548 94

    Total.................................. $1377 03

"A more thorough and exhaustive examination of the records which constitute my former report in this case convince me that the counterclaim therein reported is both erroneous and unjust, for the reason that M street northwest, wherein the alleged excessive allowances were made claimant, was in fact, at the time

he did the work, an old graveled street, and also that rock was encountered in part of it. It also appears that nearly the whole of the work was done under the Commissioners of the District of Columbia, and that the prices certified by the engineer and paid Talty were what are commonly known as 'board rates,' and that said allowances were not made under any mistake of fact, but that they were the prices universally paid to other contractors doing similar work at the time.

"I am therefore of the opinion that my former report should be amended by striking out the set-off therein stated, and finding a balance due Talty of $825.08, with interest from March 1, 1876. All of which is respectfully submitted.

(Signed) "DAN DONOVAN.

"Correct copy. A. McKENZIE,

"*Acting Auditor, District of Columbia.*"

The objections to the reports of the referee are untenable. It is impossible, however, to quote the reports without unduly extending this opinion. It is enough to say they were stated to have been founded upon depositions of witnesses and "original sheets of measurements taken from the field book of the engineer measuring the work." They exhibited the measurements and the quantity of material in tabulated form. Other papers were used and figures taken from original books in the possession of the District. The referee reported:

"It was agreed at the hearing that the papers heretofore filed in this case have disappeared. Search in the office of the attorney for the District, and at the house of Mr. Donovan, former referee, has failed to discover anything of these papers. It is not charged that their disappearance is due to any fault of the claimant.

"In these circumstances the referee is satisfied to rely upon the memoranda in the sheets just referred to."

The report also set out contract No. 828 and its extension, and an itemized account of the work done and materials furnished, certified by the assistant engineer of the District.

It is not necessary to set out at length the objections to the report and those to the rulings of the court in refusing certain

findings. We have examined and considered them and are of the opinion that there was no error in the rulings of the court, and the judgment is

*Affirmed.*