. Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of PHILIP PAVIA, Appellant, for Compensation under the Workmen's Compensation Law, *v.* THE PETROLEUM IRON WORKS COMPANY OF PENN-SYLVANIA, Employer, Respondent.

Third Department, May 2, 1917.

**Workmen's Compensation Law — election of remedies — when decision to claim under statute conclusive.**

Where an employer has not secured compensation to his employees, as required by section 50 of the Workmen's Compensation Law, an employee may, under sections 52 and 11 of the statute, at his option, elect to claim compensation thereunder or to maintain an action for damages, but he cannot have the benefit of both remedies, and an election once made, intelligently and with knowledge of the facts, is conclusive.

Where a claimant with full knowledge of the situation before an award was made, and with competent counsel permitted the award in his favor, he thereby confirms his election to accept such remedy.

A party must not experiment with the Commission for the purpose of ascertaining how much compensation may be awarded him, and then, if dissatisfied, repudiate the award and seek the other remedy permitted by the statute.

APPEAL by the claimant, Philip Pavia, from a decision of the State Industrial Commission, made on the 27th day of July, 1916, denying his application for leave to withdraw his claim for compensation herein.

*Cornelius J. Earley,* for the appellant.

*Caldwell & Masslich* [*Theodore F. Silkman* of counsel], for the defendant, respondent.

COCHRANE, J.:

This is an appeal from a decision of the State Industrial Commission denying the application of the claimant to withdraw his claim for compensation so that he may proceed by action against the employer.

The claimant was injured December 9, 1915. The employer had not secured compensation to his employees as required by section 50 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of

1914, chap. 316). The claimant, therefore, under sections 52 and 11 of that act might at his option elect to claim compensation thereunder or to maintain an action for damages. He could not have the benefit of both remedies, and an election once made with knowledge of the facts confined him to the remedy which he thus elected. Section 51 requires an employer who has complied with the law as to security for compensation to " post and maintain in a conspicuous place or places in or about his place or places of business typewritten or printed notices in form prescribed by the Commission, stating the fact that he has complied with all the rules and regulations of the Commission and that he has secured the payment of compensation to his employees and their dependents." The law, therefore, takes very good care that an employee shall be adequately informed as to whether or not his employer has complied with the law and there is no reason why save in exceptional instances the employee should be ignorant of his rights.

In the present case the claimant on February 20, 1916, more than two months after the accident, submitted to the Commission his first notice of injury in which he stated among other things that the employer had furnished him medical service at his request. Application for compensation was made March 14, 1916. On April 11, 1916, the Commission wrote the attorney of the claimant as follows: " Supplementing our letter to you of April 4th, 1916, we wish to advise that on December 9, 1915, the Petroleum Iron Works of Pennsylvania, did not carry insurance as required by the Workmen's Compensation Law of the State of New York." The claim was heard April 17, 1916, by the Commission, and an award on that day was made in favor of the claimant and the claim continued for further hearing. On April twentieth payment of the award was tendered by the employer and refused by the claimant. On the following day, April twenty-first, the claimant filed with the Commission a statement that he withdrew his claim for compensation stating that it was his intention to prosecute his common-law remedy under the laws of this State. This notice although not filed with the Commission until April twenty-first, was dated April fourteenth, three days before the claim was heard by the Com-

mission and the award made, and recited the fact that the attorney of the claimant had received the communication above mentioned of April eleventh, from the Commission to the effect that the employer did not carry insurance as required by the statute.

With full knowledge of the situation, therefore, before an award was made and with competent counsel to guide and advise him, the claimant permitted an award to be made in his favor and thereby most effectually confirmed his election to accept such remedy as was afforded him by the Workmen's Compensation Law.  There is no pretense that he did not fully understand his rights before the award was made.  A party cannot experiment with the Commission for the purpose of ascertaining how much compensation may be awarded him and then if dissatisfied repudiate the award and seek the other remedy permitted by the statute.  His election once made intelligently and with knowledge of the facts should be conclusive.  The Commission was clearly right in denying the application to discontinue the claim.

Decision unanimously affirmed.