In the Matter of the Application of JOSEPH EUGENE TUCKER and CLARENCE HUBERT LIVINGSTON for the Payment to Them of Part of the Accumulations on Moneys Deposited as Award to Unknown Owners, in a Proceeding Entitled TUCKER v. BINGAMAN, in the Matter of the Department of Public Works, for and in Behalf of the Mayor, Aldermen, and Commonalty of the City of New York Relative to Acquiring Title to Two Public Parks, or Places on the East River Containing Lands Now Bounded by Eighty-fourth Street; Eighty-sixth Street; Avenue B and East River, and also that Portion of Avenue B Lying Between the Northerly Line of Seventy-ninth Street, and the Northerly Line of Eighty-third Street in the City of New York.

(Supreme Court, New York Special Term, October, 1918.)

Condemnation proceedings — extent to which report of commissioners confirmed.
Awards — in condemnation proceedings of gross sum to life tenant unauthorized — right of life tenant to assert claim for value of life estate — condemnation proceedings.

The determinations of the commissioners in condemnation proceedings as to the matters within their power to decide are the only conclusion of their report which will be confirmed. Any arbitrary or unfounded decision outside of power or direction is not deemed to be approved by the court upon confirming the report.

An award in condemnation proceedings of a gross sum to a life tenant in lieu of the value of his life estate in the property

sought to be taken is unauthorized, and the formal confirmation of the report of the commissioners does not save the award.

Where the life tenant was unaware of his right to a deposit · of the total amount of the award from which the income, interest or accrual would be paid to him during his life, he cannot truly be said to have made an election, which presupposes a knowledge of one's rights and a deliberate choice of courses of action, to accept in lieu thereof the gross sum which was paid to him.

Equity requires that, if he now wishes to have the award reformed and made to him as a life estate, he should surrender what he received as a gross sum in lieu thereof, in which event it could be determined in a plenary suit whether he was entitled to the accrued income and future accruals.

MOTION to confirm report of commissioners in condemnation proceedings.

James Dunne, for petitioners.

William P. Burr, corporation counsel, (Joel J. Squier, of counsel), for the city of New York.

McAVOY, J. If the question whether or not a tenant for life may have a gross sum awarded him in lieu of the income, interest or amount arising from his life estate is discretionary and within the power of the court alone to adjudicate under its rules (*Matter of Zahrt*, 94 N. Y. 605), then it must follow that an attempt to make such an adjudication by an arm of the court, such as a referee or commission without direction either statutory or judicial, followed by a formal confirmation of a report containing such a result, is not a finding by the court that discretion urges the separation of life estate and remainder into their respective money values. The determinations of the · commissioners as to matters within their power of

decision are the only conclusions of the report which are confirmed by the court. *Johnson* v. *Pettit,* 120 App. Div. 774. Any arbitrary or unfounded decision outside of power or direction is not deemed to be approved by the court in its confirming of a report. In *Matter of William & Anthony Streets,* 19 Wend. 678, the court pointed out that a dower interest might be admeasured in a proceeding similar to this, without a holding that the value ought to be fixed in gross, but that ruling was made in May, 1839, before the establishment of the Rules of Practice now in vogue, and in any event applied to a dower interest as to which an absolute right exists to convert the estate or prospective interest, income or accruals therefrom into a gross sum in lieu thereof. *Matter of Zahrt, supra.* I am quite convinced that this award was made without power or authority, and that formal confirmation does not go to save it. The matter for real debate in making decision is the proposition that the acceptance and receipt and retention of the money representing the then present worth of the life estate was an election on petitioner's part to receive such sum in lieu of the income therefrom for life. If it were an election, under familiar principles it now admits no recall, however burdensome its result may be in loss. *Electio semel facta, patitur non regressum.* Election presupposes a knowledge of one's rights of which to make choice. An election is inconceivable without a deliberate choosing of remedies of courses of action. If, then, it be found that the petitioner here was unaware of his right to a deposit of the total amount of the award from which the income, interest or accrual would be paid to him during his life, he cannot truly be said to have made an election to accept in lieu thereof the gross sum which was paid him. The consideration which seems most urgent is that he has, by acquiescence in

the situation developed by the acceptance and use of the fund paid him, lost any right to assert the present claim, when judged from the viewpoint of what would have been his position if he had discovered the alleged deception practiced upon him long before the fund retained for the remaindermen had by accruals become equal to and gone beyond the amount of the total sum of the award, because his rights are no greater on account of the circumstance which fortuitously has come about through his life's continuance past the years computed as necessary under the Northampton tables (then the standard) to earn at five per cent the difference between the gross sum value of the life estate and the sum retained for the remaindermen. This, as I pointed out, adds nothing to his *right,* because, in theory at least, the remainder sum retained with its prospective accruals during the continuance of the life tenancy is exactly equal to the whole estate. Whatever of increment over that sum there may now be is the property of the owners of the next eventual estate held in trust for them, assuming that the life tenant had properly and legally been assigned the gross sum in lieu of his life estate rights in a duly authorized manner, and in a proceeding recognized as binding in law and judicial procedure. What would have been done if the petitioner had entirely disposed of the sum of money he received in 1876 within a month after its payment to him, and forthwith asserted the grounds here urged for relief from his supposed bargain of acceptance, without any offer of return of the money gotten under the color of his attorney's authority to make the consent for him? Doubtless he would have been required to make whole the estate of the remaindermen by a sum equal to what he had withdrawn as the then present worth of his life estate. Can he escape this duty now because of the adventitious

and wholly irrelevant happening that enough of time has elapsed to allow the accruals to make whole the original estate? I think not. Regardless of the illegality of the original act in awarding him a fixed sum; ignoring his release to the city as a *nudum pactum* which conferred nothing; assuming that the circumstances surrounding the consent and acceptance by his lawyer were fraudulent as to him, I think he cannot demand this relief as of right without a surrender of what he has received under the original arrangement, which, whatever its standing in law, has stood undisturbed for ever forty years as a *de facto* conclusion of the parties' interests. It is no answer to say that he was not informed of his rights until recently, for that is merely asserting that he was in ignorance of the law of the matter, which would excuse nobody from a duty ever present when a rescission of any act is attempted by which some advantage has come. Equitable principles require that if he now wishes to have the award reformed and made to him as a life estate he ought to be required to surrender what he received as a gross sum in lieu thereof. If this were done or offered as in readiness to be done, it could then be determined in a plenary suit whether he was now entitled to the accrued income and future accruals. The conduct of his attorney in the condemnation proceeding is really not material here, because he was petitioner's agent, and what he did against his client's interest is covered by other remedies than that which is now invoked.

Motion denied.