Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ANTONIO CRINIERI, Respondent, for Compensation under the Workmen's Compensation Law, *v.* LOUIS GROSS and MARIE GROSS, Uninsured Employers, Appellants.

Third Department, November 13, 1918.

Workmen's Compensation Law — claim against husband and wife after dismissal of complaint in action against wife alone as employer — election of remedies — evidence as to employment.

A claimant having been injured through an accident brought an action to recover damages against one Marie Gross alleging that she was his employer, that she had failed to secure compensation for her employees and

that he was injured through her negligence. She in her answer alleged that the employer of the claimant was not herself but her husband. After the dismissal of the complaint the claimant filed a notice of claim in which, in answer to the question, " Name of employer? " he wrote, " Louis Gross or Marie Gross, his wife." The Commission made an award against Louis Gross *and* Marie Gross, both of whom were found to be the employer of the claimant. Evidence examined, and

*Held,* that there was no foundation for the finding of the Commission that the claimant was employed by Marie Gross *and* Louis Gross, but, on the contrary, it was proven that he was employed solely by Marie Gross, and as against her the claim was barred by an election previously made.

KELLOGG, P. J., and WOODWARD, J., dissented, with memorandum.

APPEAL by the defendants, Louis Gross and another, from an award of the State Industrial Commission, dated April 22, 1918.

*A. J. Fowler* and *Joseph M. Fowler,* for the appellants.

*Scott & Snead,* attorneys for the claimant, respondent.

*Merton E. Lewis,* Attorney-General [*Robert W. Bonynge* of counsel], for the respondent, State Industrial Commission.

H. T. KELLOGG, J.:

The claimant, having been injured through an accident, brought an action to recover damages against one Marie Gross, alleging that she was his employer, that she had failed to secure compensation for her employees, and that he was injured through her negligence. Marie Gross in her answer alleged that the employer of the claimant was not herself, but one Louis Gross, her husband. The complaint was dismissed. Thereafter the claimant filed a notice of claim in which in answer to the question, " Name of employer? " he wrote, " Louis Gross or Marie Gross, his wife." The Commission made an award against Louis Gross *and* Marie Gross, both of whom were found to be the employer of the claimant. A difficulty confronting the Commission was the fact that, if Marie Gross was the employer, the claimant had previously made his election to bring an action against her, and, therefore, could not later have an award upon a claim afterwards filed. (Workmen's Compensation Law, § 11; *Pavia* v. *Petroleum Iron Works Co.,* 178 App. Div. 345.) This difficulty was overcome by the very easy method of merely making a finding that

the claimant was employed by Marie Gross and Louis Gross jointly, to sue whom as partners an election had never been made. There was no legal evidence that Marie Gross and Louis Gross were employers of the claimant. Moreover, there was no legal evidence that Louis Gross was the employer. Both the notice of injury and the claim for compensation named " Louis Gross *or* Marie Gross *or* both of them." The only positive evidence upon the subject was given by the claimant, who testified that Marie Gross hired him, directed him and paid him, and in answer to the question, " You were employed by Marie Gross on the 24th day of March, 1917?" replied, " Yes, sir." There was, therefore, no foundation whatsoever for the finding of the Commission that the claimant was employed by Marie Gross *and* Louis Gross. On the contrary, it was proven that he was employed solely by Marie Gross, and as against her the claim was barred by an election previously made.

The award should be reversed and the claim dismissed.

All concurred, except JOHN M. KELLOGG, P. J., dissenting, with a memorandum in which WOODWARD, J., concurred.

JOHN M. KELLOGG, P. J. (dissenting):

" ' The institution by a party of a fruitless action, which he has not the right to maintain, will not preclude him from asserting the rights he really possesses.' ( *Kinney* v. *Kiernan*, 49 N. Y. 164.) " ( *McNutt* v. *Hilkins*, 80 Hun, 235, 239.)

" The principles governing election of remedies are necessarily based upon the supposition that two or more remedies exist. If in fact or in law only one remedy exists, there can be no election by the pursuit of another and mistaken remedy. It is a well-established rule that the choice of a fancied remedy that never existed and the futile pursuit of it, either because the facts turn out to be different from what the plaintiff supposed,   *   *   *   though the first action proceeds to judgment, does not preclude the plaintiff from thereafter invoking the proper remedy." (9 Ruling Case Law, 962, § 9.)

" The question depends for its answer upon the law of election of remedies. Where two inconsistent remedies, proceeding upon irreconcilable claims of right, are open to a suitor, the choice of one bars the other. But, to have that

effect, the remedies must be inconsistent." (*Ratchford* v. *Cayuga County Cold Storage & W. Co.*, 217 N. Y. 565, 568.)

WOODWARD, J., concurred.

Award reversed and claim dismissed.