## SWINEHART TIRE & RUBBER COMPANY
### *vs.*
## BROADWAY TIRE EXCHANGE, INC.

APRIL 20, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Contracts. Warranties. Notice of Defects.*

In an action of assumpsit to recover the price for goods sold and delivered, the burden was on defendant to establish a breach of warranty and where aside from the question as to defective goods the jury were permitted to pass on the question as to whether defendant within a reasonable time notified plaintiff of the alleged defects and there was evidence on both points in favor of plaintiff the verdict approved by the trial court will not be disturbed.

*(2) Contracts. Credits.*

Where the contract between the manufacturer and jobber required the jobber on adjusting a claim with a customer to make a detailed record of the facts and send a copy to the home office not later than the following day and ship to the home office once in ten days the used product on hand received in making the adjustments and the jobber sent no reports and did not ship the used goods and made no claim for credits until after action brought by manufacturer his claim for credits was properly disallowed.

*(3)  Contracts.  Credits.*

Where the contract between a manufacturer and jobber provided that jobber should advertise the goods and would be given a certain credit, "all such advertising to be submitted and approved by the manufacturer" and no advertising was submitted by jobber for approval, he was not entitled to credit for the money paid for advertising.

*(4)  Contracts.  Foreign Corporations.  Resident Attorney.*

Where a foreign corporation through its agent took an order in this state, executed by defendant in this state and by the foreign corporation outside the state, the contract was made outside the state and was not within the provisions of Gen. Laws, cap. 300, § 42, relative to the appointment of a resident attorney.

*(5)  Pleading.  Foreign Corporations.  Resident Attorney.*

Want of capacity to sue should be set up by a plea in abatement and is waived by pleading to the merits.

ASSUMPSIT.  Heard  on  exceptions  of  defendant  and overruled.

RATHBUN, J.  This is an action of assumpsit to recover the balance of the purchase price of certain automobile tires and tubes.  The trial in the Superior Court resulted in a verdict for the plaintiff for $3,540.97.  The case is before this court on defendant's exceptions to the admission and exclusion of testimony, to the refusal of the trial court to dismiss the case, and to the refusal of the trial court to grant to the defendant a new trial.

It is admitted that the defendant is indebted to the plaintiff.  There appears to be no question as to the price which the defendant agreed to pay or as to the amount of goods delivered but the defendant contends that it is entitled to certain credits not given by the plaintiff and also entitled to recoup for breach of warranty.

The defendant contends that the damages awarded are excessive and that on this ground the defendant was entitled either to a new trial or a reduction of the verdict.

The first exception is to the refusal of the trial court to grant a new trial.  The goods were warranted to be free from defects and merchantable.  A short time after receiving the goods the defendant wrote to the plaintiff saying;

"We are pleased with the goods." Five or six months later when payment was demanded the defendant complained for the first time that a portion of the goods were defective. The tires were encased in paper wrappers and could not be examined without removing the wrappers. The burden was on the defendant to establish a breach of warranty. It was a question for the jury to determine whether the goods were defective and the jury were permitted to pass also upon the question as to whether the defendant within a reasonable time notified the plaintiff that the goods were defective. The jury evidently decided one or both of these questions adversely to the defendant. We think the jury would have been warranted in finding from the evidence that the goods were not defective and also that the defendant's complaint as to defects in the goods was not made within a reasonable time. G. L. 1909, Chap. 263, §9, provides: "But, if, after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise of warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."

The defendant contends that it is entitled to certain credits which the defendant allowed to customers in making adjustments relative to defective tires.

The contract between the parties contained the following provision: "The First Party (plaintiff) covenants and agrees with the Second Party (defendant) as follows, to wit:—  . . .  To give the Second Party the privilege of making adjustments on defective SWINEHART TIRES *in accordance with instructions to be furnished by the Home Office of the First Party.* It is understood however that the First Party reserves the right to withdraw said privilege at any time by giving Second Party notice of its intention to do so. In the event of any tires or tubes originally sold by the Party of the Second Part and later adjusted by the Party of the First Part direct to the consumer the party of the first part is to pass credit to the party of the second part

covering the difference between the Second Party's cost of said adjustment and the price collected from the consumer."

The "instructions furnished by the Home Office" were a part of the contract. Said instructions directed the defendant, on adjusting a claim with a customer relative to a defective tire to make a detailed record of the facts; send a copy of this record to the Home Office not later than the following day and ship to the Home Office once in ten days the used tires on hand received from the customers in making adjustments. The defendant sent no notice or reports of adjustments; neither did he ship said used tires to the Home Office. He made no claim for credits for adjustments until after the plaintiff sought to collect the balance due the plaintiff.

The defendant contends that it should have been given credit for one-half of the money expended for advertising. It was agreed between the parties that the defendant would advertise Swinehart tires and that the plaintiff would credit the defendant with one-half the money expended in such advertising but not to exceed either five hundred dollars or one per cent of the net business received from the defendant by the plaintiff. The contract contained language as follows: "All such advertising to be submitted and (3) approved by the party of the first part," that is, the plaintiff. No advertising was submitted to or approved by the plaintiff. The defendant having failed to submit the advertising to the plaintiff and thereby having failed to get said advertising approved by the plaintiff, the defendant was not entitled to credit for money expended for advertising. The trial court did not err in refusing to grant the defendant's motion for a new trial.

The eighth exception is to the refusal of the trial court to dismiss the case. When the testimony was concluded the defendant moved that the case be dismissed and argued that the plaintiff was a foreign corporation doing business (4) within this state and attempting to enforce in the courts of this state contracts made within the state and that the

plaintiff, not having appointed a resident attorney with power to accept process, was barred from recovery by the provisions of Section 42, Chapter 300, G. L. 1909. There was no proof that the plaintiff ever did business within this state as contemplated by said Chapter 300. The plaintiff's salesman came to Providence and took an order for a bill of goods. The contract between the parties was executed by the defendant at Providence and by the plaintiff at its Home Office in Ohio. The contract was made in Ohio. The statute has no application. Furthermore, want of capacity to sue should be set up by a plea in abatement and is waived by pleading to the merits. *Weaver Coal Co. v. Co-operative Coal Co.*, 27 R. I. 194.

We find no merit in the exceptions to the admission and exclusion of testimony and we find no reason for disturbing the verdict which has been approved by the trial court.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Lyman & McDonnell, Thomas F. I. McDonnell, Arthur J. Levy,* for plaintiff.

*Frank H. Wildes,* for defendant.