## HAMMOND v. UNITED STATES.
### Nos. 45330, 45332.

Court of Claims.
Jan. 5, 1942.

Raymond N. Beebe, of Washington, D. C. (Nathaniel L. Leek, of New York City, and Davies, Richberg, Beebe, Busick & Richardson, on the brief), for plaintiff.

Paul P. Stoutenburgh, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen., for the defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge.

The petition in case No. 45330 filed January 11, 1941, involves five U. S. patents and case No. 45332 filed January 21, 1941, involves eleven other U. S. patents, all relating to certain radio equipment. The petitions in both cases as they now stand ask judgment against the United States (1) under the Act of June 25, 1910, as amended by the Act of July 1, 1918, Tit. 35 U.S.C.A. § 68, for reasonable and entire compensation for infringement through the manufacture and/or use by the United States of the patented inventions described in the petitions without right, license, or authority of the owner thereof; or (2) under section 250, U.S.C.A., Tit. 28, "as compensation

for the unlawful and unauthorized use of the inventions in disregard of the provisions of said contract." Each petition separately and succinctly sets forth allegations of fact as to the right to compensation under Tit. 35 U.S.C.A. § 68, by reason of manufacture and use by the defendant without the consent of the patentee, or a license so to do (infringement), or for compensation under section 250, Tit. 28, U.S.C.A., for unauthorized manufacture and use by reason of failure of defendant to comply with a contract with plaintiff under which a license for a limited use of certain patents was granted.

Paragraphs 1 to 5, inclusive, of the petitions set forth the necessary preliminary facts.

Paragraphs 6 to 10, inclusive, set forth (1) that the defendant had theretofore been granted a license under certain of the patents for the manufacture and use of the inventions for the purpose of radio dynamic control only and not for purely radio communication purposes or any other purpose than radio dynamic control; (2) that the defendant had been granted a release from any and all liability arising out of or based upon the furnishing to it by another for such limited use of any apparatus covered by the license; (3) that the defendant has infringed the claims of the patents without the license or consent of plaintiff by the manufacture by the defendant and/or by the use by it for communication purposes and for purposes other than radio dynamic control of radio equipment as provided in the license given, and that the defendant had been duly notified prior to and during the period of six years prior to filing of the petition of its infringement of the patents, but that notwithstanding such notices the defendant has continued to infringe the patents to the injury of plaintiff by reason of loss of gains and profits which he, otherwise, would have received.

In paragraphs 11 to 14, inclusive, the petitions proceed to allege (1) that pursuant to an agreement of July 30, 1932, between plaintiff and defendant, the parties on April 22, 1933, entered into a license contract for the use by defendant of the inventions covered by certain patents for the purpose of radio dynamic control only and the defendant expressly agreed not to use the inventions set forth in the patents described for purely communication purposes or for any other purpose, except for radio dynamic control; (2) that the plaintiff has in every respect fully and completely performed the contract; (3) that the defendant on its part has failed to perform the contract and has violated the same by using and/or manufacturing, or having manufactured for it, radio equipment embodying the inventions set forth and claimed in the patents for communication purposes and for purposes other than radio dynamic control to the great damage of plaintiff; and (4) that the defendant had been duly notified prior to and during the past six years of its violations of said contract, but that, notwithstanding such notices, the defendant has continued to violate said contract by using and/or manufacturing, or having manufactured for it, radio equipment embodying the inventions set forth and claimed in the patents for communication purposes and for purposes other than radio dynamic control to the great injury to plaintiff by reason of loss of gains and profits which he otherwise would have received.

August 25, 1941, the defendant filed a motion in each case asking "for an order requiring the plaintiff to elect between the two inconsistent claims for compensation allegedly resulting from one and the same act [the use of certain radio equipment] as set forth in the petition." September 6, 1941, an order was made directing plaintiff "to elect whether he will prosecute his claim as a breach of contract, or under the jurisdictional patent act, and to amend his petition accordingly within thirty days" from date of the order. Thereupon plaintiff filed a motion asking the court to reconsider and vacate its order, as abovementioned. The case is now before the court on plaintiff's motion, upon which oral argument was had. Since the making of the original order the plaintiff in open court amended his petitions so as to state his claim in the alternative; i. e. for compensation under section 68, Tit. 35, U.S.C.A., or section 250, Tit. 28, U.S.C.A. rather than under both sections of the Code as the petitions were originally drawn.

Aside from the possible difference in character or degree of the proof required (about which we now express no opinion) under the alternative claims under the facts set forth in the petitions, we do not find the claims to be incon-

sistent in the sense that plaintiff is required to elect whether he will claim compensation for unauthorized use without license or consent under the act of 1910 as amended by the act of 1918, or for compensation for unauthorized use without license or consent contrary to the written agreement between the parties. If plaintiff were claiming in the same suit compensation for use of the inventions under and pursuant to a contract or license, and therefore with the consent of plaintiff, or for infringement of the inventions without the consent or license of plaintiff, the claims would be inconsistent and plaintiff would, in such case, be required to elect which remedy he would pursue, and if he recovered on the one chosen he could not later also recover on another. May v. Le Claire, 78 U.S. 217, 11 Wall. 217, 20 L.Ed. 50; United States v. Oregon Lumber Co., et al., 260 U.S. 290, 43 S.Ct. 100, 67 L.Ed. 261; Kendall v. Stokes, 44 U.S. 87, 3 How. 87, 11 L.Ed. 506, 833; Dahn v. Davis, 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696. But if plaintiff lost on the one chosen, because it was found not to exist, he would not, in such a case, be barred from pursuing the other remedy if not barred by limitation. Ash Sheep Co. v. United States, 252 U.S. 159, 40 S.Ct. 241, 64 L.Ed. 507; Bierce, Limited, v. Hutchins, 205 U.S. 340, 27 S.Ct. 524, 51 L.Ed. 828. In the present suits the alternative claims are based upon alleged unauthorized use by the defendant of the patents without the consent or license of plaintiff, and plaintiff claims compensation only for that alleged unauthorized use. If the written contract between the parties and the written nonexclusive license of plaintiff to the Government thereunder for the use of the patents had stated that the nonexclusive rights were granted "for radio dynamic uses only" and nothing further was said in the agreement or license, any other use or uses of the inventions by the defendant would certainly be unauthorized and would constitute an infringement of the patents for which, upon proper proof, plaintiff would be entitled to compensation. What effect the further provision in the contract and license, i. e. "but no use of the patents and/or inventions of Schedule II for purely radio communication purposes is authorized," had upon the rights of plaintiff or the degree or character of proof necessary to sustain the claim, we do not now decide. But we think it is clear that since the alternative claims here made are based upon unauthorized use of the inventions they are not inconsistent merely because plaintiff, as one ground for recovery of compensation, alleges that the defendant expressly agreed not to use the inventions for the purpose for which it is alleged it did use them and, as another ground for compensation, that the defendant so used the inventions for the same purposes without authority and without consent or license of plaintiff. One recovery only is claimed and only one can be allowed. We have considered the cases relied upon by the defendant but find it unnecessary to discuss them because they are not, upon their facts and circumstances, applicable here.

The petitions might have been drawn so as specifically to separate each petition into two designated counts: the first count being paragraphs 6 to 10, inclusive, and the second, an alternative count, being paragraphs 11 to 14, inclusive. But failure to frame the petitions in this form does not affect the question now being considered. Each petition in substance is in two counts, which for the sake of brevity may be termed respectively the "patent count" and the "contract count." In order to avoid confusion in the taking of proof and the presentation of these alternative claims the commissioner to whom these cases are referred for the purpose of taking the evidence and making a report of the facts is hereby authorized and directed to control the manner and sequence in which the evidence shall be presented. Such control of the procedure is essential in order that, so far as may be necessary, the facts relating specifically to the one count should not be confused with facts relating solely to the other count. Also, the parties, the commissioner, and the court are entitled to know to which count certain evidence pertains in order that the opposing party may properly present objections. The facts with reference to the alternative claims asserted are separately and distinctly set forth, and the necessary preliminary allegations contained in paragraphs 1 to 5, inclusive, and the formal allegations in paragraphs 15 to 19, inclusive, of each petition are applicable to both claims. Had the plaintiff filed separate suits, as he might have done, the defendant certainly could not object to either. Troxell, Administratrix, v. Delaware, Lackawanna & Western Railroad

Co., 227 U.S. 434, 33 S.Ct. 274, 57 L.Ed. 586; Ash Sheep Co. v. United States, supra; Lovejoy v. Murray, 70 U.S. 1, 3 Wall. 1, 18 L.Ed. 129; Brady v. Daly, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109. Had that course been pursued the separate suits could and probably would have been consolidated for hearing and decision since both claims would involve the right to compensation for unauthorized use without the consent or license of the patentee. But separate suits are not necessary in the circumstances. This is the only court having jurisdiction of the claim for compensation asserted by plaintiff and the court is not bound by the strict rules of pleading. Peirce v. United States, 1 Ct.Cl. 195, 196; Brown v. District of Columbia, 17 Ct.Cl. 303, 310; Eager v. United States, 33 Ct. Cl. 336, 337; United States v. Burns, 79 U.S. 246, 12 Wall. 246, 254, 20 L.Ed. 388; United States v. Behan, 110 U.S. 338, 347, 4 S.Ct. 81, 85, 28 L.Ed. 168. In the latter case the court said:

"In a proceeding like the present, in which the claimant sets forth by way of petition a plain statement of the facts without technical formality, and prays relief either in a general manner, or in an alternative or cumulative form, the court ought not to hold the claimant to strict technical rules of pleading, but should give to his statement a liberal interpretation, and afford him such relief as he may show himself substantially entitled to if within the fair scope of the claim as exhibited by the facts set forth in the petition."

To the same effect are Baird v. United States, 131 U.S. Append. cvi, cvii, 21 L.Ed. 519; District of Columbia v. Talty, 182 U.S. 510, 513, 21 S.Ct. 896, 45 L.Ed. 1207; District of Columbia v. Barnes, 197 U.S. 146, 154, 25 S.Ct. 401, 49 L.Ed. 699. In Clark v. United States, 95 U.S. 539, at page 543, 24 L.Ed. 518, the court said: "If objected that the petition contains no count upon an implied contract for quantum meruit, it may be answered, that the forms of pleading in the Court of Claims are not of so strict a character as to preclude the plaintiff from recovering what is justly due to him upon the facts stated in his petition, although due in a different aspect from that in which his demand is conceived." See, also, Minar v. Sheehy, 56 App.D.C. 318, 13 F.2d 290; Twachtman v. Connelly, 6 Cir., 106 F.2d 501.

Plaintiff's motion of September 29, 1941, for reconsideration of the order of September 6, 1941, is allowed. The order of September 6 directing plaintiff to elect is vacated and set aside and the defendant's motion of August 25, 1941, for an order requiring plaintiff to elect between alleged inconsistent claims for compensation is denied. This decision of the court does not affect the order of the court of February 15, 1941, allowing defendant's motion of February 7, 1941, to which plaintiff consented, for an order requiring plaintiff to make the petitions more definite and certain in certain particulars.