## MARCEAU v. GREAT LAKES TRANSIT CO.
### Civ. No. 1527.

District Court, W. D. New York.
Jan. 27, 1944.

Desmond & Drury, of Buffalo, N. Y., for plaintiff.

Russell v. Bleecker, of Cleveland, Ohio, for defendant.

KNIGHT, District Judge.

Defendant has made two motions; one to dismiss the complaint or in the alternative to stay the action on the ground that a compensation claim on the same cause is pending before the New York State Department of Labor; the other to strike the complaint under Rule 12(e), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for failure of plaintiff to file a bill of particulars.

The motion under Rule 12(e) may be disposed of summarily. No proposed order had been submitted in accordance with the court's opinion of December 17, 1943, until after this motion was made, due to inadvertence of defendant's counsel. A proposed order has since been submitted, and although the motion has not been expressly withdrawn, the implications are obvious. Plaintiff has contested the motion on the ground that no order requiring a bill of particulars has ever been served upon him. The plaintiff's contention being well taken, the motion is denied.

Defendant's motion to dismiss or in the alternative to stay proceedings herein is based upon the ground that a compensation proceeding is pending before the Industrial Board of New York State Department of Labor; such proceeding, defendant contends, being by law an exclusive remedy, and inconsistent with the action herein which is based upon the same injury but being pursued under the Jones Act, 46 U.S.C.A. § 688.

It appears that defendant had brought a proceeding in the United States Court for this District to enjoin the plaintiff from any further prosecution of his claim for compensation before the New York State Department of Labor. The matter was tried before Judge Burke and the injunction denied on the ground that the same would be in substance an enjoining of State courts, this especially in view of the fact that an appeal from the award and decision of the Industrial Board was then pending before the Appellate Division of the Supreme Court of New York.

The rule is well settled by many decisions that this court will not stay the pendency of a suit in a state court brought to recover upon the same cause of action as in this court. See McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762; Kline v. Burke Const. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285; and that "Each court is free to proceed in its own way * * * without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by * * * the principles of res adjudicata by the court in which the action is still pending. * * *" Kline v. Burke Const. Co., supra, 260 U.S. at page 230, 43 S.Ct. at page 81, 67 L.Ed. 226, 24 A.L.R. 1077.

Defendant contends that because a claim for Workmen's Compensation under Section 11 of the New York Act, Consol.Laws N.Y. c. 67, is exclusive as against any action against the employer for damages for the same injury, the plaintiff has elected his remedy and should be barred from maintaining an alternate one. It is apparent, however, that the compensation proceeding has not become final and is being contested by defendant upon the ground that the Industrial Commission has no jurisdiction over the injury, it being an admiralty cause and cognizable only in Federal court.

The exclusive nature of the remedy prescribed by Section 11 of the New York Compensation Act must be predicated upon a situation where the Industrial Board has jurisdiction and until jurisdiction has been established by a competent final decision the provisions making such an election final and the remedy exclusive do not come with effect. There can be no election of remedies unless two or more remedies are coexistent. Both plaintiff and defendant concede that if jurisdiction exists under the Jones Act no jurisdiction exists for proceedings under the compensation laws of New York State.

Defendant cites two cases as authorities in point for its contention: Pavia v. Petroleum Iron Works Co., 178 App.Div. 345, 164 N.Y.S. 790, and Simas v. Dugan, R.I., 116 A. 755. The Pavia case is concerned with the situation where an employer has failed to secure compensation insurance for his employees and the customary election is afforded to an injured employee of pursuing his remedy against the employer either by common law action or by claim for compensation under the Act. The case holds that when an award is made and the amount tendered by the employer the election is final, and the employee cannot thereafter pursue a common law action. In the Simas case the employer had maintained a proceeding to determine that he had afforded compensation to the injured employee, and the employee was seeking recovery by a separate common law action. The Rhode Island court indicated in its opinion that the proper practice was to stay the common law action until final determination of the issue in the proceeding under the compensation Act.

It is noted that the Pavia case involved an actual exercise of an election of optional remedies presented to the employee by Section 11 of the New York Workmen's Compensation Act, and jurisdiction existed in the New York courts for either remedy.

Whether or not the dictum of the Simas case is controlling in Rhode Island is not indicated by subsequent citation of the case, but defendant's analogic application of it, herein, results in the conclusion that the Federal courts should stay its proceedings pending determination of the issue of fact upon which its jurisdiction is based by a state administrative tribunal. The rule of comity between state and federal tribunals is not understood to be so far extended, especially in the cases of seamen alleging injuries on the dock of the ship whereon they are employed.

Where there is patently a lack of jurisdiction in one of two forums, there are no truly alternate remedies available, and in such case the commencement of a proceeding in one forum does not bar the commencement of an action in the other forum. See 28 C.J.S., Election of Remedies, p. 1099, § 25; The Fort Orange, D. C., 5 F.Supp. 933; Hammond v. United States, 42 F.Supp. 284, 95 Ct.Cl. 464. In the proceedings herein it has not been contended that jurisdiction over the cause of action lies in both the Industrial Board of New York State and the United States courts, but it has been strenuously contended by the defendant that the Board has no jurisdiction, the same being strictly a Federal one.

On the foregoing, the defendant's motion is denied in each alternative. Let an order be prepared accordingly.