Heffernan, J.
On April 7,1944, the employers, Fred Dickens, since deceased, and his wife, Effie Dickens, were the owners of an apartment building and rooming house in the city of New York. Claimant was employed by them as a janitor. As part of his duties he was required to look after the furnace in the building.
Claimant asserts that on April 7,1944, while he was breaking up clinkers in the furnace with a poker hot ashes were blown against his face and into his left eye. He attempted to remove the ashes from his eye and his wife gave him emergency treatment. As a result of the accident an infection developed in the eye. A few days later he entered a hospital for treatment and the eye was eviscerated.
On June 21,1944, claimant filed a claim for compensation. At the first hearing before a Beferee the attorney for the employers disclosed that his clients had omitted to secure workmen’s compensation as required by section 50 of the Workmen’s Compensation Law. The hearing was then adjourned to September 12,1944.
*96 On the adjourned date claimant’s attorney informed the Referee that because of the failure of the employers to secure compensation his client, pursuant to the provisions of section 11 of the statute, would maintain an action against them for the recovery of his damages. Thereupon the Referee closed the case on the ground that claimant had elected to proceed with a common-law action. However, the claim was never withdrawn.
Claimant instituted an action in the Supreme Court, New York County, against his employers on the theory that they were negligent in maintaining a defective furnace in their place of business which, due to its defective condition, exploded and caused claimant’s injuries.
This action was tried in the Supreme Court before Mr. Justice McNally, without a jury, and at the conclusion of the proof the learned Justice dismissed the complaint on the merits on the ground that plaintiff failed to establish negligence on the part of defendants, or that an accident in the nature of an explosion happened in the cellar.
Thereafter, and on June 26, 1945, claimant applied to the Workmen’s Compensation Board to reopen his claim on the ground that he prosecuted his action for damages in the Supreme Court in the mistaken belief that an explosion occurred in the furnace.
The application to reopen was denied by a Referee on the ground that claimant was precluded from seeking compensation because he had elected to proceed with his common-law action.
The decision of the Referee was reversed by the board and the case was restored to the Referee’s calendar for further consideration.
After hearings on the issues the Referee dismissed the claim on the ground that no causal relationship existed between the accident and the injuries. The determination of the Referee was reversed by the board and later followed the award which is the subject of this review.
The principal contention of appellants is that the Workmen’s Compensation Board had no jurisdiction of the subject matter. They assert that when claimant chose to pursue his common-law action he made a conclusive and binding election of remedies and that he is forever precluded from seeking compensation. They also allege that the evidence is insufficient to sustain a finding of causal relationship between the accident and the loss of claimant’s eye.
The doctrine of election, of Roman origin, is simply what the term imports — a choice shown by an overt act between two *97 or more inconsistent rights, either of which may be asserted at the will of the chooser alone. It is also said that the doctrine is bnt an application of the maxim that “ a person shall not be twice vexed for one and the same cause The purpose of the doctrine of election of remedies is not to prevent recourse to any remedy, but to prevent double redress for a single wrong. Its rationale is that courts will not permit suitors solemnly to affirm that a given state of facts exists from which they are entitled to a particular relief and afterward affirm that a contrary state of facts exists, from which they are entitled to inconsistent relief. In this connection the language of the Scottish law — that a man shall not be allowed to approbate and reprobate— is sometimes used (18 Am. Jur., Election of Remedies, §§ 3, 4; 28 C. J. S., Election of Remedies, § 3). Our Court of Appeals has said (Metropolitan Life Ins. Co. v. Childs Co., 230 N. Y. 285) that the doctrine is a harsh rule which should not be extended.
It is the general rule that an election can exist only where there is a choice between two or more inconsistent remedies. The fact that a litigant misconceives his right, or through mistake attempts to exercise a right or remedy, to which he is not entitled, does not constitute a conclusive election, and does not preclude him from thereafter prosecuting an action based upon an inconsistent remedial right. One may erroneously pursue a remedy which is not open to him at all. If he does so his action in pursuing it does not constitute an election. It is well established that the choice of a fancied remedy and the futile pursuit of it, because either the facts turn out to be different from what the plaintiff supposed them to be or the law applicable to the facts is found to be other than supposed, and although the first action proceeds to judgment, does not preclude the plaintiff from thereafter invoking the proper remedy. It is fundamental that an election of remedies presupposes not only a complete knowledge of the facts but a clear understanding of the nature of the remedies between which the election is made (Watson v. Watson, 128 Mass. 152; Standard Oil Co. v. Hawkins, 74 F. 395; Schenck v. State Line Tel. Co., 238 N. Y. 308; Richard v. Credit Suisse, 242 N. Y. 346; Smith v. Savin, 141 N. Y. 315; Lassell v. Mellon, 219 App. Div. 589; Ellich v. Hamburg-Amerikanische P. A. Gesellschaft, 226 App. Div. 32, affd. 252 N. Y. 541; Berok v. New York Central R. R. Co., 227 App. Div. 779; Dyer v. Central Sav. Bank, 137 Misc. 509; Frey v. Torrey, 70 App. Div. 166; Sweeney v. Douglas Copper Co., 149 App. Div. 568; Utica *98 City Nat. Bank v. Penwarden, 103 Misc. 103; Matter of Tucker, 104 Misc. 617, affd. 187 App. Div. 502, affd. 228 N. Y. 505; Liston v. Hicks, 243 App. Div. 159, affd. 269 N. Y. 535; Fitzgerald v. Title Guar. & Trust Co., 290 N. Y. 376; 28 C. J. S., Election of Remedies, § 12; 18 Am. Jur., Election of Remedies, § 24).
In Watson v. Watson (supra, p. 155) the court said: “ An election made in ignorance of material facts is, of course, not binding, when no other person’s rights have been affected thereby. So if a person, though knowing the facts, has acted in misapprehension of his legal rights, and in ignorance of his obligation to make an election, no intentiion to elect, and consequently no election, is to be presumed. This has been settled in England by a long series of authorities, of which it is sufficient to cite a few. Pusey v. Desbouvrie, 3 P. Wms. 315. Wake v. Wake, 1 Ves. Jr. 335; S. C. 3 Bro. Ch. 255. Padbury v. Clark, 2 Macn. & Gord. 298; S. C. 2 Hall & Tw. 341. Spread v. Morgan, 11 H. L. Cas. 588, 602, 611, 615. See, also, Stratford v. Powell, 1 Ball & Beatty, 1; Briscoe v. Briscoe, 1 Jon. & Lat. 334; S. C. 7 Irish Eq. 123; Sweetman v. Sweetman, I R. 2 Eq. 141. In. Reed v. Dickerman, 12 Pick. 146, 151, and in Delay v. Vinal, 1 Met. 57, 65, the rule was so stated, and not denied, but the facts did not call for its application.”
Rights and remedies are inconsistent only when the same evidence is necessary in both actions (Lipkind v. Ward, 256 App. Div. 74).
In the case before us it is obvious that claimant made no binding election of remedies. Claimant never had but one remedy — the right to compensation. He had no remedy at common law. Apparently he thought he had and instituted a fruitless action. The elements required to be proven were not the same. To be successful in the Supreme Court action he had the burden to establish negligence on the part of defendants. This he failed to do. In prosecuting his claim for compensation negligence is not an issue. The legal effect of what he did was not to make a choice between inconsistent remedies but a futile attempt to pursue a remedy not available to him. The judgment in the negligence action is no bar to a claim for a sufficient cause. The fact that claimant sought to avail himself of a remedy denied to him by law does not warrant the conclusion that because of his mistake we must now hold that he thereby renounced forever the only remedy he had.
We are dealing with a law which we must construe with the greatest liberality in favor of workmen and their dependents. *99 The argument of appellants that claimant must be turned out of court because of a futile recourse to a remedy which the law denied him, has neither justice nor equity to recommend it. To apply the doctrine of election of remedies in this case, in accordance with the views of appellants, would simply mean converting it into a doctrine of oppression. In our opinion the board was not divested of jurisdiction by reason of the prosecution of the common-law action (Matter of West v. Wood, 266 App. Div. 705).
Appellants are relying upon two cases in our court (Pavia v. Petroleum Iron Works Co., 178 App. Div. 345; Crinieri v. Gross, 184 App. Div. 817) for a reversal of the award.
Even if we assume that these cases were correctly decided they are not determinative of the question now presented. In the Pavia case (supra) the employer failed to secure compensation as required by law of which fact the claimant was aware. With that knowledge he participated in the proceedings before the State Industrial Commission (now Workmen’s Compensation Board) after which an award was made to him. Several days later the employer tendered payment of the award which claimant refused. He then filed a statement with the commission that he withdrew his claim for compensation stating that it was his intention to prosecute his common-law remedy. The commission denied his application to withdraw his claim. Upon appeal this court held that by participating in the proceeding and permitting an award to be made in his favor claimant effectually confirmed his election to accept such remedy as was afforded him by the Workmen’s Compensation Law.
In the Crinieri case (supra) decided by a bare majority of the court, the claimant, it appeared, brought an action at common law against Marie Gross, an alleged noninsured employer. In her answer Marie Gross denied that she was the claimant’s employer. She alleged that Louis Gross, her husband, was the employer. The complaint in that action was dismissed. Thereafter, the claimant filed a claim for compensation in which she alleged that the employer was Louis Gross or Marie Gross, his wife. The State Industrial Commission found that both Louis Gross and Marie Gross were the employers and made an award to the claimant against them. This court reversed the award as to Louis Gross, on the ground that there was no legal evidence in the record that he was the employer. It reversed the award against Marie Gross also. It is clear that the question of whether Marie Gross was the employer already had been *100 determined in the common-law action. The judgment of the Supreme Court on the question of the employer-employee relationship between Marie Gross and the claimant was res judicata.
The record contains ample evidence to sustain the finding of the board on the issue of causal relation between the accident and the injuries. The doctor who treated claimant diagnosed his condition as panophthalmitis of the left eye, which means an infection of the eyeball and he gave as his opinion that the injuries suffered hy claimant were related to the accident. On the issue of causal relationship only questions of fact are involved.
The award should be affirmed, with costs to the Workmen’s Compensation Board.