Deyo, J.
(dissenting). I dissent on the grounds that the claimant, by prosecuting his action at common law, made a conclusive and binding election, pursuant to the provisions of section 11 of the Workmen’s Compensation Law, which precludes him from now resorting to compensation. The majority of the court are in effect deciding that an employee of a non-insured employer may have both his common-law action for damages and his claim for compensation, and that he may pursue and experiment with the former to his heart’s content, confident that he may always fall back upon the latter. This is directly contrary to my interpretation of the provisions of section 11 of the Workmen’s Compensation Law, which provides that the employee shall elect between the two remedies; and to the previous decisions of the courts. (Travelers Ins. Co. v. Brass Goods Mfg. Co., 239 N. Y. 273, 276; Crinieri v. Gross, 184 App. Div. 817; Pavia v. Petroleum Iron Works Co., 178 App. Div. 345.) I agree that a change in the law which would allow such elasticity might be most salutory and entirely in accord with the spirit and purpose of the Workmen’s Compensation Law, but I submit that any such change requires legislative action and not merely judicial sanction.
The decision of the Workmen’s Compensation Board should be reversed and the claim disallowed.
Foster, P. J., Santry and Bergan, JJ., concur with Heffernan, J.; Deyo, J., dissents, in an opinion.
Award affirmed, with costs to the Workmen’s Compensation Board.