JUDGE SIMPSON
delivered the opinion of the court:
The first question in this case involves the sufficiency of the plaintifFs’ petition, which is objected to on the ground that it does not contain an averment that the trustees of the town of Shelbyville had power to subscribe for the stock, for the nonpayment of which the action was brought.
This objection does not, as supposed, raise the question whether the defendants were authorized, independent of any statutory provision on the subject, to make the contract on which the action is brought; for if, in any state of case, or under any circumstances, they were authorized to make it, the presumption is, inasmuch as they were acting under official responsibility, that their act was regular and legal. (The city of Louisville vs. Hyatt and others, 2 B. Mon., 177.) More especially *57 should this presumption be allowed to prevail in a case in which they alone are the defendants. The act of making the contract was of itself an assertion of authority on their part to make it, and is at least prima facie evidence, as against them, of the existence of such authority. It is not necessary, in an action on a contract made by the defendant, to allege that the defendant had authority to make it. This is impliedly admitted by the execution of the contract; and if the defendant labors under any disability, such as infancy, or marriage, if a female, the fact must be set up and relied upon by way of defense.
The defendants were authorized, by the act of 1849-50, to make such a contract, upon being authorized to do it by a vote of the citizens of Shelbyville. Having made the contract, the presumption is that they had the authority to make it; and, indeed, by the act of making it, they virtually asserted that they had such authority. No averment on the subject was, therefore, necessary on the part of the plaintiffs.
The sufficiency of the answer of the defendants is the next question to be considered.
The failure therein relied upon of the plaintiffs to issue a certificate of stock to the defendants, for the first installment of the subscription of stock which had been paid, did not justify the latter in refusing to pay the balance of their subscription. The answer did not contain any allegation that a certificate of stock had been demanded or refused; and even if the plaintiffs had refused to issue a certificate until the whole subscription was paid, such a refusal would not have constituted any defense to the action.
The other ground of defense relied upon in the answer was equally untenable. The chairman was the general agent of the board of trustees. He was authorized by the order of the board to make the subscription. A certified copy of the order was entered in the book for the subscription of stock, and the subscription made in conformity with the copy of the order thus certified. The defendants have no right to rely .upon the fact that their agent exceeded his authority in making the subscription in the manner it was made by him, unless they allege and show that the plaintiffs had knowledge of that fact at the *58 time the contract was made. The plaintiffs had a right to presume that the copy of the order of the board, which was presented at the time the stock was subscribed, was correct. It was signed by the chairman, and certified to be a true copy by the clerk of the board. It purported to confer on the chairman of thé board an authority to subscribe for the stock on the terms the subscription was made. It would, therefore, be obviously unjust to permit the defendants to assail the contract thus made, upon the ground that the copy of the order of the board thus certified by their own clerk, and acted on by their own chairman, was incorrect, without showing, at the same time, that the plaintiffs were apprised of the fact. The answer does not contain any such allegation, and therefore the demurrer to it was properly sustained.
Wherefore, the judgment is affirmed.