TIMOTHY DIXON, Respondent, *v.* THE BROOKLYN CITY AND NEWTOWN RAILROAD COMPANY, Appellant.

While a street railroad corporation has the right to remove snow from its tracks, it is bound to exercise reasonable care and diligence in so doing, and if it negligently causes such an accumulation upon the street of the snow thus removed as to produce an obstruction therein, rendering travel unsafe, it is liable for injuries caused thereby.

*It seems* the same duty is imposed upon them as is incurred by every owner of property adjoining the street who removes snow from his sidewalk to the street.

Whatever obligations may be imposed upon a municipal corporation in exercising a supervisory care over its streets, and in preventing and

removing obstructions, this does not relieve the owner of property or of franchises from liability for injuries occasioned by them, and continued by reason of their negligence.

It is the duty of such a corporation, so far as practicable, to furnish safe and proper access to its cars.

In an action to recover damages for injuries alleged to have been caused by defendant's negligence, plaintiff's evidence was to the effect that he attempted to enter, by the rear platform, one of defendant's cars, which was moving slowly along the street; finding the platform full, he passed along by the side of the car to reach the front platform; there was a ridge of snow, about three feet high, along the track, thrown up by defendant's snow-plow and sweepers, sloping toward the car, and so near it as to leave merely room for the car to pass; this ridge had been there for some weeks, and had become hard and slippery. At the time of the accident it was covered with a thin coating of recently-fallen snow. In passing along it, plaintiff slipped and fell under the wheels of the car, and was injured. *Held* (EARL, J., dissenting), that the evidence justified the submission to the jury of the question as to defendant's negligence; also as to contributory negligence on the part of plaintiff.

Defendant ran its cars for a portion of its route over the track of another railroad company, under a license, by which the licenser was bound to keep the track clear from snow. Defendant claimed that the accident occurred upon this track. *Held*, that conceding this to be so, as defendant contributed in throwing up the snow-bank, it was its duty to remove it, as it rendered the access to its cars unsafe; and for a negligent omission to perform this duty it was liable.

Defendant set up a release executed by plaintiff soon after the injury; there was testimony showing that plaintiff, at the time he signed the release, was mentally incompetent to appreciate the character of the instrument. *Held*, that the question as to the validity of the release was properly left to the jury.

(Argued June 15, 1885; decided October 13, 1885.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made the fourth Monday of January, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Joshua M. Van Cott* for appellant. It was the defendant's right to have its tracks kept clear from obstructions. That is

an incident of its corporate franchise. (*Commonwealth* v. *Temple*, 14 Gray, 69.) The duty to remove obstructions primarily rested upon the city which lawfully might and did permit the defendant to clear its tracks from snow by the use of a plow and sweeper. (*Bellinger* v. *N. Y. C. R. R. Co.*, 23 N. Y. 42; *Moyer* v. *Same*, 88 id. 351, 356; *Martin* v. *Tribune Association*, 30 Hun, 391.) An obstruction upon a highway is a common nuisance, and persons lawfully using the highway may, to the extent necessary to such lawful use, abate it as a special and private nuisance. (Bacon's Abr. [Highway, E.]; Wood on Nuisances, §§ 733, 740.) The obstruction being specially injurious to the defendant and absolutely preventing its passage over the highway, it had a right to abate it. (*Brown* v. *Perkins*, 11 Gray, 101; *Arundel* v. *McCullock*, 10 Mass. 71; *Griffith* v. *McCallum*, 46 Barb. 561.) A party sustaining a special injury from a public or common nuisance may have his action and may abate it. (*Harrower* v. *Ritson*, 37 Barb. 301; 3 Blackst. Com. 5, 6; 3 Bouv. Inst. 574; Broom's Common Law, 250; 8 Q. B. 339; *Mayor, etc.* v. *Brooks*, 7 Cow. 609; 8 id. 146; 9 Wend. 571; 30 N. Y. 44.) It is not a fair presumption, that clearing the snow directly from the track off the street and not clearing the snow from the side would have left the way less dangerous. (*Mayor, etc.* v. *L. R. R. Co.*, 49 N. Y. 657.) Under the charter powers so conferred on the common council, its ordinances requiring snow to be moved from the sidewalks to the carriage-way and regulating the cleaning of snow from railroad tracks by plows and sweepers were authorized; and such removal of snow from parts of the street to other parts was lawful. (*Seeley* v. *Litchfield*, 15 The Reporter, 520; Laws of 1873, chap. 863.) If the snow so shifted was a nuisance, the duty to remove it rested solely upon the city. (*Christopher St. R. R. Co.* v. *Mayor, etc.*, 1 Abb. N. C. 75, 79.) The Coney Island R. Co. was bound by the conditions of its license to the defendant to keep its tracks clear from snow, and any occasional incidental sweeping of the track by the defendant's sweeper in making its necessary circuit should be deemed in law as done by and for that company.

(*Lowrey* v. *R. R. Co.*, 76 N. Y. 28; *Woolly* v. *Grand St. R. Co.*, 83 id. 121–7.) Even the duty of the local government to remove temporary elemental obstructions from the streets should be reasonably limited. (Dill. on Mun. Corp., §§ 1016, 1019.) Except as to dangerous ice, accumulated on sidewalks and crossings, sun and rain are the appropriate and adequate agencies to remove such temporary obstructions. (*Reed* v. *Mayor, etc.*, 31 Hun, 311; 18 The Reporter, 271.) Where the facts are clear and undisputed, showing a " pure accident," or showing contributory negligence, the question of defendant's liability is one of law and for the court. (*Sullivan* v. *C. S. M. Co.*, 22 Fed. Rep. 893; *Cunningham* v. *C. & St. P. R. R. Co.*, 17 id. 886.) If a man voluntarily puts himself into a dangerous position and is injured he cannot recover of the railroad company for damages for that injury to which he has contributed by his own negligence. (*McGrath* v. *N. Y. Central*, 59 N. Y. 468; *Pakalinsky* v. *Same*, 82 id. 424; *Weber* v. *Same*, 58 id. 541; *Reynolds* v. *Same*, id. 248; *Connelly* v. *Same*, 88 id. 346; *Baulec* v. *N. Y. & H. R. Co.*, 59 id. 356; *Hedges* v. *H. R. R. R. Co.*, 49 id. 223; *Gorton* v. *Erie R. Co.*, 45 id. 664; *Gibson* v. *Same*, 63 id. 450; *Hale* v. *Smith*, 78 id. 480; *Dougan* v. *Champlain Co.*, 56 id. 6; *Cleveland* v. *N. Y. S. Co.*, 68 id. 306; 15 Weekly Dig. 157; *Crocheron* v. *St. I. F. Co.*, 56 N. Y. 656; *Loftus* v. *U. F. Co.*, 84 id. 455; *Becht* v. *Corbin*, 17 Weekly Dig. 97; 18 The Reporter, 814; Whart. on Neg., § 426; *Piquegno* v. *Chicago R. Co.*, 17 The Reporter, 82–3.) The tender of the consideration received when the release was executed should have been made with interest, and was too late. (*Cobb* v. *Hatfield*, 46 N. Y. 33; *Gould* v. *Nat. Bk.*, 86 id. 75; *Baird* v. *Mayor, etc.*, 96 id. 598, 599.)

*Nathaniel C. Moak* for respondent. It is no defense to a suit for damages caused in part by defendant's negligence that others contributed to the injury. (*Barrett* v. *Third Ave. R. Co.*, 45 N. Y. 628; *Webster* v. *H. R. R. R. Co.*, 38 id. 260; *Colegrove* v. *N. Y., etc.*, 20 id. 492; *Slater* v. *Mersereau*, 64 id. 138; *Folsom* v. *Apple*, 41 Wis. 602.) It was

clearly the duty of the defendant, within a reasonable time, to remove from the street the dangerous bank of snow placed there by its agents. (*Prime* v. *Twenty-third St. R. R. Co.*, 1 Abb. N. C. 63.) The duty of removal resting on defendant, it is no answer to non-performance that it rested on another also. (*Masterson* v. *N. Y. C. R. R. Co.*, 84 N. Y. 247.) The removal of the snow not being impractical defendant was not excused from removing it. (*Prime* v. *Twenty-third St. R. R. Co.*, 1 Abb. N. C. 72.) Although the owner of a store has the right to use the sidewalk to take merchandise in and out of his store, yet if he should leave boxes on the sidewalk an unreasonable length of time, and a passer-by should, without his own fault, be injured, such store-keeper would be liable. (*Brooklyn* v. *B. C. R. R. Co.*, 47 N. Y. 476; *Clifford* v. *Dam*, 81 id. 53; *Sexton* v. *Zedd*, 44 id. 430; *Childs* v. *West Troy*, 23 Hun, 69; *Masterson* v. *N. Y. C. R. R. Co.*, 84 N. Y. 247.) It was a question of fact for the jury whether plaintiff observed ordinary care and prudence, or by his own negligence, contributed in any way to the accident. (*Mowrey* v. *Central City*, etc., 66 Barb. 43; affirmed, 51 N. Y. 666; *Childs* v. *West Troy*, 23 Hun, 68; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 465; *Hart* v. *H. R. R. R. Co.*, 80 id. 622; *Justice* v. *Lang*, 52 id. 32; *Evans* v. *Utica*, 69 id. 166; *Darling* v. *Mayor*, etc., 18 Hun, 340; *Driscoll* v. *Same*, 11 id. 101; *Thomas* v. *Same*, 15 N. Y. Weekly Dig. 378.) It is not, as matter of law, negligence for one to stand upon the front platform of a moving car. (*Nolan* v. *Brooklyn*, etc., 87 N. Y. 63; *Goodrich* v. *Penn.*, etc., 29 Hun, 50.) Nor to attempt to get on to the front platform of a moving car. (*Mowrey* v. *Central City*, 66 Barb. 43; 51 N. Y. 666; *Maher* v. *C. P.*, etc., 67 N. Y. 52.) Nor is it negligence *per se* for a person to get on or off a street car when in motion, particularly if the horses drawing be moving slowly, on a walk. (*Eppendorf* v. *Brooklyn*, etc., 69 N. Y. 195; *Filer* v. *N. Y. Cent.*, 49 id. 51; *Maher* v. *C. P.*, etc., 67 id. 52; *Monroe* v. *Third Ave. R. R. Co.*, 18 J. & S. 114; *C. V. R. R. Co.* v. *Mangans*, 23

Am. L. Reg. [N. S.] 518; *Day* v. *Brooklyn*, 12 Hun, 435; *Bucher* v. *N. Y. C. R. R. Co.*, 20 N. Y. Weekly Dig. 384.) The plaintiff had neither the mental nor physical capacity to make or execute the alleged contract or settlement. (Story on Cont., § 35.) The plaintiff's tender before suit to the president of the defendant, of the $150 left by Bush in the plaintiff's bed at the time of the settlement was sufficient. (*McGlynn* v. *Brooklyn, etc.*, 93 N. Y. 655; *Boardman* v. *Gaillard*, 60 id. 614; *Gould* v. *Cayuga Bk.*, 56 How. 510; *Van Nest* v. *Tallmadge*, 17 Abb. Pr. 99; *Smith* v. *Solomon*, 7 Daly, 216; *Roe* v. *G. T. R. Co.*, 16 Upper Can. C. P. 500; *Smith* v. *Holyoke*, 112 Mass. 517; *Chicago, etc.*, v. *Doyle*, 18 Kans. 58; *Bussian* v. *Milwaukee, etc.*, 56 Wis. 326; *Watkins* v. *Brant*, 46 id. 419; *Eagle Packet Co.* v. *Defries*, 94 Ill. 598; *Smith* v. *Mariner*, 5 Wis. 551; *Kelly* v. *Sheldon*, 8 id. 258; *Howard* v. *Town of Osceola*, 22 id. 453.) This court will not review the question of the adequacy or inadequacy of the damages. (*Houghkirk* v. *D. & H. C. Co.*, 92 N. Y. 225.)

Miller, J. This action was brought to recover damages for personal injuries sustained by the plaintiff on the 17th of January, 1881, alleged to have been caused by the negligence of the defendant.

The plaintiff sought to enter a car upon defendant's road by way of the rear platform, but finding it full, he passed along by the side of the car in order to reach the front platform and slipped on the snow and was thrown under the wheels of the car and seriously injured. The car was moving slowly at the time, and at the place where he slipped there was a ridge of snow which the evidence tended to show had been thrown up by the defendant's snow-plow and sweepers, about three feet high, three feet wide at the base, and one foot and a half at the top, sloping toward the car and so near it as to leave merely room for the car to pass, the surface of the ridge was covered with a thin coating of recently-fallen snow, which made it difficult to perceive that underneath, it was hard and

slippery, the snow having lain there for some weeks, much longer than was reasonably sufficient for its removal.

The first question which arises on the appeal relates to the right of the defendant to leave the snow where it was after the same had been removed from the track, and it claims that having lawfully cleared the snow from the tracks and owing no duty to replace it upon the same or remove it from the street, the plaintiff should have been nonsuited on the trial.

The conclusion of the jury that the ridge of snow was caused by the defendant's plows and sweepers, and that it had existed for a longer period of time than was reasonably sufficient for its removal, was justified by the evidence. The character and extent of the obstruction and the propriety of its removal as well as the time within which it should have been removed, were proper matters for the consideration of the jury in determining the liability of the defendant. There would seem to be no reasonable ground for claiming that, where there was a very large accumulation of snow along side of the tracks, by reason of its removal from the same, which accumulation necessarily might be the cause of injury to persons who sought to enter the cars, and it was allowed to remain for a long period of time to the inconvenience of passengers traveling in the cars and causing loss of life or limb, the company would not be liable for the damages sustained by its neglect in not removing the snow. While the railroad company would have the right to remove the snow from its tracks, it could not lawfully cause an obstruction which would interfere with the safe passing and repassing of persons traveling upon the road.

The duty imposed upon a railroad company is the same as that which is incurred by every owner of property adjoining a street in a populous city. Such owner is bound to remove the snow from the sidewalk to the street, but would not be justified in permitting its accumulation to so large an extent as to produce injury to those who might have occasion to use the street. He cannot negligently cause or maintain an obstruction or a nuisance upon or in front of his own premises which

will occasion injury to passers-by, without being liable for the damage sustained thereby.

The same rule would seem to be applicable to street railroads, and while they are permitted to enjoy the use of their tracks they must take care that they create no obstruction to persons passing to and from the same. They are bound to exercise reasonable care and diligence in the removal of snow and ice, preventing its accumulation during the winter season, and, if they are chargeable with negligence, are liable for the consequences arising from the same. Whatever obligations may be imposed upon municipal authorities in exercising a supervisory care over streets within their jurisdiction in preventing and removing obstructions, there would seem to be no reasonable ground for claiming that the duties thus devolving upon them relieve the owners of property or franchises from liability for injuries occasioned by obstructions which are created or continued by reason of their negligence. The cases cited by the appellant's counsel do not uphold any different rule of law. Whether the obstruction be in the nature of a private or public nuisance, and as such might be abated, is not material, and does not affect the right of the injured party to maintain an action for damages caused thereby. Defendant runs its cars for a portion of its route on the track of the Coney Island Railroad Company under a license.

The claim that the Coney Island company was bound, by the conditions of its license, to keep its tracks clear of snow, and that defendant was not chargeable with any neglect of duty by that company or by the city, to remove the snow from the side of the street, is not sustained. It is at least questionable as a matter of fact, whether the accident occurred upon the track of the Coney Island road, and even if it did, the defendant would be liable if its agents contributed in throwing up the snow bank, although it was the duty of the Coney Island road to remove the snow from this portion of track. If the ridge of snow where the accident occurred was an obstruction in the street, whoever placed it there and allowed it to remain an unreasonable length of time should

be liable for any injury sustained thereby. As it was the duty of the defendant to remove this snow, it is no answer to the claim made for damages caused thereby, to say that such duty also devolved upon another party. While the duty imposed upon local authorities or parties to remove temporary obstructions from the streets should be confined within reasonable limits and impossibilities should not be demanded, there is no great hardship in requiring that due diligence should be exercised in reference to the same, and so far as practicable a safe and proper access should be furnished to persons who travel upon the cars of a street railroad company. In the case considered, the question whether the defendant had been vigilant in the performance of its duty in insuring the safety and protection of its passengers, and had exercised proper care and caution, was one of fact entirely for the consideration of the jury; and it cannot, we think, be said that as matter of law the conclusion at which they arrived in this respect was erroneous, or that the court erred in refusing the motion made for a nonsuit upon the ground already stated.

It is also insisted that the plaintiff was chargeable with negligence contributing to the injury, and that upon this ground no action could be maintained. This question was one of fact for the consideration of the jury in view of the whole evidence presented upon the trial; and it cannot be insisted, we think, that as a matter of law the testimony upon the trial showed that the plaintiff was chargeable with contributory negligence. It is by no means clear that the plaintiff knew precisely the situation of the street, and also that the snow was piled up, as the evidence showed it was, at the place where the accident occurred. He was under no legal obligation to know this fact, and unless he did so, was justified in assuming that he was safe in passing over the snow as he did. Having no knowledge on the subject he had the right to assume that the track was free from obstruction at that place. The testimony shows that the car was moving very slowly, the horses being on a walk, and under the circumstances it was not negligence *per se* for the plaintiff to leave the sidewalk, as he did, with the intention of getting

on the car. Nor was it negligence of itself, as a matter of law, in his leaving the rear platform, if it was full, and attempting to reach the front platform, where people were allowed to ride. Nor was it negligence to ride on the front platform, or to attempt to get on a street car while moving slowly, as was the case here. In view of all the facts, the question as to the plaintiff's contributory negligence was peculiarly one for the consideration of the jury, and although there was some little contradiction in the evidence, it cannot be said that the verdict was unauthorized or should be set aside on that ground.

Defendant set up a release executed by plaintiff of all claims for damages. The question as to the validity or legality of the release was also for the consideration of the jury. There was testimony showing that at the time of its execution the plaintiff was in a condition of mind that rendered him incompetent to appreciate the character of the instrument which he executed, and, under the circumstances, it was for the jury to determine whether it was his free act, done with full knowledge at the time of the facts, and with a full appreciation of what he was doing. This subject, however, is fully considered in the opinion of the General Term, and needs no further comment.

The judgment should be affirmed.

RUGER, Ch. J., ANDREWS and DANFORTH, JJ., concur; RAPALLO, EARL and FINCH, JJ., dissent.

Judgment affirmed.