WILLIAM S. LASSELL, Respondent, *v.* ANDREW W. MELLON, Director-General of Railroads, as Agent (Pennsylvania Railroad), Appellant.

Second Department, February 4, 1927.

Railroads — action by Federal employee against railroad for injuries suffered by him while road was under Federal control — defense that plaintiff elected to come within Federal Employees' Compensation Act (39 U. S. Stat. at Large, 742) — mere acceptance of two checks from Compensation Commission does not constitute election — issue for jury whether or not plaintiff knowingly signed documents for purpose of electing — not necessary for plaintiff to show tender back of money received.

In an action by a Federal employee to recover damages for injuries suffered by him while the defendant railroad was under Federal control, the court properly submitted to the jury the question whether or not the plaintiff elected to come within the Federal Employees' Compensation Act (39 U. S. Stat. at Large, 742), for while he signed a paper purporting to be an election, his evidence tended strongly to show that at the time he signed the paper he received two checks from the Compensation Commission and was told by the paymaster of the defendant that it was a part of his salary and that he could return the amount to the government when he recovered damages from the defendant. Under the circumstances, the plaintiff had the right to show that he never knowingly elected to come within the Federal Employees' Compensation Act so as to bar him from maintaining this action.

The mere acceptance by the plaintiff of two checks given, as he understood in payment of a part of his salary, did not constitute a bar to the maintenance of this action, and it was not necessary for the plaintiff to tender back the money which he received.

APPEAL by the defendant, Andrew W. Mellon, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 22d day of March, 1926, upon the verdict of a jury for $2,500.

*Morton L. Fearey* [*Roy H. Caldwell* with him on the brief], for the appellant.

*George W. Bristol,* for the respondent.

KELLY, P. J. The defendant, appellant, Director-General of Railroads, operating the Pennsylvania railroad when the plaintiff was injured on September 10, 1919, does not raise any question as to the sufficiency of the evidence of negligence on the part of his employee, the gateman, and absence of contributory negligence on the part of the plaintiff.

There is really no dispute about the law governing this case. The plaintiff was a civilian employee of the War Department injured in the line of his duty. It was optional with the plaintiff whether he would make a claim under the Federal Employees' Liability

Compensation Act (approved September 7, 1916, 39 Stat. 742, chap. C 458). If he did elect to make such claim and received the benefits of the act, he is barred from prosecuting this action for negligence against the Director-General. If he did not elect to make the claim for damages for his injuries under the Federal Compensation Act, he would have the right to maintain the present action and prosecute the same to judgment. (*Hines* v. *Dahn*, 267 Fed. 105, 114 [U. S. Cir. Ct. of Appeals, 8th Circuit]; affd. *sub nom. Dahn* v. *Davis*, 258 U. S. 421.) The plaintiff alleges that he never elected to receive compensation under the act. He testified that he had never heard of the Federal Employees' Compensation Act. He admits signing the various documents introduced in evidence by the defendant, he admits receiving two checks from the Compensation Commission, aggregating $195.58, from which a deduction was made for hospital expenses of $57.60, making the net amount received by him $137.98. But the plaintiff testifies that he signed these papers while in the hospital, five or six days after the accident, at the request of the paymaster, who informed him that he was off the payroll, but that an arrangement could be made whereby he could continue to receive a partial sum of money as " part of my salary; " that he could bring an action to recover damages against the Pennsylvania Railroad Company or the Director-General of Railroads, and that he was to return the partial payments made to him to the government, upon receiving any money on his claim against the railroad company. That this was the understanding upon which the plaintiff signed the papers, which defendant now urges was an election on plaintiff's part to make his claim under the act, is confirmed by the letters in evidence from the attorney for the Compensation Commission to the plaintiff. The Commission offered to give him any assistance possible in his action to recover damages on his agreement to reimburse them out of the damages collected. He testified that he had no idea that he was electing to have recourse to the act, and that the papers signed by him were pursuant to the representations of the officer presenting them to him. No witness was called to contradict plaintiff.

The learned trial justice charged the jury clearly as to the issue presented to them. He said that the plaintiff had two separate remedies, one under the Federal Workmen's Compensation Act, the other in an action to recover damages for negligence. He told the jury that as the railroad was operated at the time by the Director-General, the plaintiff could not avail himself of both remedies. If he determined and elected to take workmen's compensation, knowingly and understandingly, he could not thereafter bring an action at common law. He told the jury that if the plain-

tiff was induced to sign the papers produced by the defendant and to receive the checks, through material misrepresentations and false statements, even though the statements and representations were honestly meant, with no intent to deceive, he might still maintain the action. On the other hand, he instructed the jury that, if plaintiff knew of the two remedies and elected to take the workmen's compensation, he could not thereafter change his mind and bring an action to recover damages for negligence.

I think on the evidence in the record the issue of fact was presented which was thus clearly presented to the jury in the charge. (*Dixon* v. *Brooklyn City & Newtown R. R. Co.*, 100 N. Y. 170; *Whipple* v. *Brown Brothers Co.*, 225 id. 237; *Boxberger* v. *N. Y., N. H. & H. R. R. Co.*, 237 id. 75; *O'Meara* v. *Brooklyn City R. R. Co.*, 16 App. Div. 204; *Grockie* v. *Hirshfield*, 50 id. 87; *Fleming* v. *Brooklyn Heights R. R. Co.*, 95 id. 110.)

There is a distinction between those cases where a plaintiff, understanding that he was signing a general release, executed the paper and subsequently seeks to rescind it upon the ground that he was misled or defrauded (*Brassel* v. *Electric Welding Co.*, 239 N. Y. 78; *McNamara* v. *Eastman Kodak Co.*, 232 id. 18), and cases like the present where the plaintiff denies that he ever signed a release — if the plaintiff's story is true he never elected to apply to the Commission for compensation. The distinction is pointed out in *Cleary* v. *Municipal Electric Light Co.* (65 Hun, 621, opinion by CULLEN, J.; 47 N. Y. St. Repr. 172; affd., on opinion below, 139 N. Y. 643.)

Therefore, I cannot agree with the learned counsel for defendant in his contention that plaintiff's acceptance of the two checks referred to was a bar to this action. The issue still remained for the jury whether he knowingly signed the documents brought to him at the hospital understanding what they were. The *Cleary Case (supra)* also disposes of appellant's argument that plaintiff could not recover in this action because he had retained the $137.98, the net amount paid him by the Compensation Commission, as he says, as " part of my salary." As Judge CULLEN said in the *Cleary* case, " if the plaintiff had admitted the compromise or his execution of the release, but claimed that he had been induced to make the compromise by fraud, duress or imposition, he would have been bound to return the consideration received before he could maintain his action. But that was not the issue in the case. Plaintiff did not seek to avoid the contract of compromise. He denied making any such contract. The fraud here, if any, was not in inducing the plaintiff to enter into the agreement, nor even in falsely reducing to writing the terms of the agreement made; for if the plaintiff's

story was correct the paper signed by him was not to be a contract at all but only a receipt * * *. The contract that the plaintiff testified was made between the parties he did not seek to rescind." In such case it was not necessary for the plaintiff to tender back the money paid.

These appear to be the only questions presented upon defendant's appeal.

The judgment should be affirmed, with costs.

Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

Judgment unanimously affirmed, with costs.