JAMES DYER, an Infant, by FRANCES DYER, His Guardian ad Litem, Plaintiff, *v.* CENTRAL SAVINGS BANK, Defendant.

Supreme Court, New York County, April 15, 1930.

*Speiser & Speiser* [*Milton Speiser* of counsel], for the plaintiff.

*Henry L. Ughetta* [*William Dike Reed* of counsel], for the defendant.

COTILLO, J. The plaintiff brought suit to recover for personal injuries sustained by him on the 9th day of June, 1926, while in the employ of the Busy Bee Stores, and in the course of his employment upon making a delivery of goods at No. 202 West Seventy-fourth street, New York city, the said premises being owned by the defendant Central Savings Bank, and the action being brought against the Central Savings Bank upon a complaint based upon the alleged negligence of the defendant in the maintenance and operation of a certain dumbwaiter in the said building. The defendant in its answer not only set up a general denial of the allegations of negligence and freedom from contributory negligence on the part of the plaintiff, but also alleged in paragraph 9 of the answer that the plaintiff's appearance before the Industrial Commissioner and his award constituted an election on the part of the plaintiff and barred him from an action in this court. During the trial the issues were separated, and by stipulation the issue of whether the plaintiff had elected to accept compensation was withdrawn from the jury, and it was further stipulated that, if the jury should return a verdict in favor of the plaintiff on the issue of negligence and contributory negligence, then the issues as to the alleged election were to be submitted to the court for determination, and

evidence was to be taken as to the plaintiff's election of remedies. The plaintiff recovered a verdict from the jury in the amount of $5,000, and the defendant, besides taking the testimony as to the alleged election and moving for a direction in its favor on that testimony, further moved for the setting aside of the verdict on the ground that it was against the weight of evidence, and on the further ground that it was excessive. The motion directed to the setting aside of the verdict must be denied. Testimony submitted on behalf of both plaintiff and defendant as to the occurrence of the accident raised a question of fact which was resolved by the jury in favor of the plaintiff. Immediately upon the rendition of the jury's verdict the defendant introduced evidence concerning the election.

It seems that some time prior to the 28th day of July, 1926, the plaintiff received a notice from the said Industrial Commissioner to appear before him on the 28th day of July, 1926. Such notice, which was addressed to the plaintiff, and who at that time was an infant, contained a sentence in bold type stating: " Claimant must be present." This notice was sent pursuant to a report of the employer of the plaintiff, the Busy Bee Stores, filed with the Workmen's Compensation Bureau, as required by section 110 of the Workmen's Compensation Law.* No claim or application for compensation was ever signed or filed by the plaintiff nor by any one authorized to do so on his behalf, but the plaintiff merely appeared pursuant to the said notice, and a temporary award was made by the Commissioner without any request or application on the part of the plaintiff, and the hearings were then adjourned. Pursuant to this temporary award the insurance carrier forwarded checks in the amount of the award to the plaintiff. These checks were not cashed by the plaintiff and were returned by the plaintiff to the employer's insurance carrier prior to the institution of the action in this court. On August 10, 1926, about thirteen days after the award of the temporary compensation, the plaintiff and his guardian retained his present attorneys, who caused both the plaintiff and his guardian to·sign form No. CD13 of·the Bureau of Compensation. This signed notice was received by the Bureau on August 16, 1926. and by virtue of this notice the plaintiff elected, under section 29 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 499), to pursue his remedy against the third party, and an action was brought thereafter against this defendant.

The defendant urges that the appearance of the claimant at the hearing before the Industrial Commissioner constitutes a claim

* See Laws of 1928, chap. 754.— [Rep.

for compensation, and this claim for compensation constitutes an election upon his part which cannot thereafter be revoked. With this contention the court must disagree. I think that *Chefety* v. *Hearn & Son, Inc.* (212 App. Div. 844) settled that question when it held that the mere appearance of the injured party before the Commissioner did not comply with the express requirement of the Workmen's Compensation Law of filing a claim under the Workmen's Compensation Law. Defendant rests its claim upon the authority of *Schubert* v. *Finkelstein* (244 N. Y. 583). The *Schubert* case differs from the case at bar in several essential details. In the *Schubert* case the plaintiff had filed the claim for compensation and had accepted payment of quite a substantial sum before attempting to elect to sue the third party. In the present case the plaintiff never filed a claim, and a gratuitous award of the Commissioner, which award was never accepted or recognized by the plaintiff, cannot bar him from pursuing his remedy in a court of law. The Compensation Law created a new remedy and was designed to make trade accidents trade liabilities in cases coming within its provisions. The liability of the employers was extended, and they or the persons liable to pay compensation were subrogated by way of indemnity to all claims of employees against others who caused the injury. The statute deals only with the liability of the employer; it neither impairs nor adds to the employee's common-law rights against a third party, except, if he elects to accept compensation, the employer or his insurance carrier is then subrogated to all the rights that the plaintiff would have had against the third party. Before the claimant in this action can be held to an election to accept compensation, it must be proven that he had formally asserted what he wanted and that he had filed an election to pursue his remedy. In the case at bar it is not even claimed by the defendant that the plaintiff filed a claim. He merely received notice to appear, and he obeyed that notice, and the consequence of an award resulting from the proceedings, in which he was only a passive though interested party, cannot be deemed to be an election by him. The payment of medical expenses by the employer does not constitute an election by the claimant. (*Ellich* v. *Hamburg-Amerikanische Packetfahrt Actien Gesellschaft*, 226 App. Div. 32; *Lassell* v. *Mellon*, 219 id. 589.)

The defendant's motion for direction of a verdict on this issue is denied. The defendant's motion to set aside the verdict is denied. Thirty days' stay and sixty days to make and serve a case.