JOHN LISTON, Appellant, v. WILBUR HICKS, Respondent.

Third Department, January 11, 1935.

*Francis L. Ganley* [*Francis L. Ganley* and *Nelson R. Pirnie* of counsel], for the appellant.

*Earl S. Jones* [*George B. Smith* and *Laurence V. Benedict* of counsel], for the respondent.

HEFFERNAN, J.  In the month of November, 1931, appellant and respondent were in the employ of Miller Brothers Construction Company, the former as a steam drill operator and the latter as a truck driver.  The employer, pursuant to a contract with the State of New York, was then engaged in constructing a two-strip concrete highway between Schroon Lake and Underwood.  The westerly side of the highway had been completed and was open for traffic.  Work was in progress on the easterly side and the part under construction was barricaded at the northerly and southerly ends.

At about six-thirty on the morning of November fourth appellant was engaged in drilling a block of concrete on the easterly side of the highway and while so occupied he was struck by an automobile owned and driven by respondent and received the injuries for which he is seeking to recover damages in this action.  At the time of the accident respondent was using his car for the purpose of going to the place on the highway where his duties were to be performed — some distance northerly from the point where appellant was engaged.

The employer in this case had secured compensation to its employees and on the date of the accident in question, in accordance with the provisions of the Workmen's Compensation Law, it filed a report thereof with the State Industrial Commissioner.  Thereafter and on November 20, 1931, appellant received from the Industrial Commissioner a blank form of an employee's claim for compensation with a request that it be completely filled out and returned.  With this request appellant promptly complied.  About December 1, 1931, appellant received from his employer a check for twenty-three dollars and eight cents for workmen's compensation for one week which he retained and cashed.  Later and on December 18, 1931, a hearing was had on the claim before the State Industrial Board which resulted in an award of twenty-three dollars and eight cents as compensation to appellant against his employer and Eagle Indemnity Company, the insurance carrier, and the case was thereupon closed " without prejudice."  Appellant did not attend this hearing and received no notice thereof.

On January 19, 1932, appellant transmitted to the Industrial Commission a letter stating, in substance, that his injuries had not healed and that he required further medical attention.  To that

communication the Commission replied that appellant's case was closed but, if he requested it, a rehearing would be granted. Such a request was made and thereafter hearings were held on March 15, and July 28, 1932. At the latter hearing appellant learned for the first time, according to his testimony, that he had a right of action against respondent for causing his injuries. It appears from his evidence that he had not been advised until then and was ignorant of the fact that either of two remedies was available to him. He thereupon offered to return the compensation which he had received and the State Industrial Board rescinded its prior award and remitted appellant to his remedy against respondent. Appellant repaid to the insurance carrier the compensation which he had theretofore received, filed with the Industrial Commissioner an election to sue respondent and thereupon instituted this action. In his answer respondent set up as a separate defense that appellant was not the real party in interest and that he had elected to take compensation pursuant to the provisions of the Workmen's Compensation Law and consequently was not entitled to maintain this action.

At the close of appellant's case, upon proof of the matters outlined, the learned trial justice granted the respondent's motion for a nonsuit and dismissal of the complaint and that ruling is the subject of this review. In dismissing the complaint the trial court stated that appellant and respondent were not coemployees. The court in holding as a matter of law that appellant had elected to take compensation made the observation that " his acts have been such, in my judgment, that an intelligent man ought to have known or found out, at least, that he had another remedy that he ought to have invoked, if he wanted to."

The injuries which appellant received were inflicted at the site of the employer's business and where its contract was to be performed.

The pertinent provision of section 29 of the Workmen's Compensation Law is: " If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another *not in the same employ,* such injured employee, * * * shall, before any suit or any award under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. *Such election shall be evidenced in such manner as the commissioner may by regulation prescribe.* If such injured employee, * * * elect to take compensation under this chapter, the awarding of compensation shall operate as an assignment of the cause of action against such other to the state for the benefit of the state insurance fund * * * or insurance carrier."

In this case we think it is quite immaterial whether or not the parties are to be regarded as coemployees. In view of the conclusion at which we have arrived it is unnecessary to decide that question. If they were coemployees, then appellant was not called upon to make any election. (*Judson* v. *Fielding*, 227 App. Div. 430; affd., 253 N. Y. 596.) The rule of law announced in that case has been abrogated by the amendment to section 29 of the Workmen's Compensation Law by chapter 695 of the Laws of 1934. Under that amendment compensation is the exclusive remedy of an employee, or in case of death his dependents, when such employee is killed or injured by the negligence or wrong of another in the same employ.

We are convinced that the learned trial court erred in holding as a matter of law that appellant had made a conclusive election to take compensation. It is to be observed that he did not take the initiative in the proceeding which resulted in the award. His attitude was entirely passive. The proceedings culminating in the award had their inception in the employer's report of injury followed with the " employee's claim for compensation " transmitted on a postal card form prepared by the Industrial Commissioner and to which the employee signed his name. This set in motion the regular routine of the Industrial Board without any affirmative action on the part of the appellant, and without any knowledge or information on his part of its purpose or intention, and without any indication to him of the necessity or occasion for an election to accept an award of compensation or pursue his remedy for damages against respondent. At the time the award was made not only was there an omission to bring the matter of election to the attention of the appellant, but according to his evidence he was without knowledge that he had a cause of action against respondent. A reasonable construction of section 29 imposes upon the Industrial Board the duty of affirmatively requesting an election by an injured employee in every case where the injury results from the negligence or wrong " of another not in the same employ." We think the learned trial court, inadvertently no doubt, misconceived the principle as well as the purpose of an election and the fundamental elements involved therein,· the most important of which is knowledge of the material facts by the person confronted with the necessity of making an election. From the court's statement which we have quoted it is apparent that it disregarded appellant's testimony that he was ignorant of the fact that he had a choice of remedies. Whether appellant's claim of lack of knowledge of any material fact is well founded is a question of fact to be determined by a jury and cannot be brushed aside by an unjustified assumption on a motion to dismiss for failure of proof at the close of his case.

It is fundamental that an election of remedies presupposes not only a complete knowledge of the facts but a clear understanding of the nature of the remedies between which the election is made. (*Watson* v. *Watson*, 128 Mass. 152; *Standard Oil Co.* v. *Hawkins*, 74 Fed. 395; *Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308; *Richard* v. *Credit Suisse*, 242 id. 346; *Smith* v. *Savin*, 141 id. 315; *Lassell* v. *Mellon*, 219 App. Div. 589; *Ellich* v. *Hamburg-Amerikanische P. A. Gesellschaft*, 226 id. 32; affd., 252 N. Y. 541; *Berok* v. *New York Central R. R. Co.*, 227 App. Div. 779; *Dyer* v. *Central Savings Bank*, 137 Misc. 509; *Frey* v. *Torrey*, 70 App. Div. 166; *Sweeney* v. *Douglas Copper Co.*, 149 id. 568; *Utica City National Bank* v. *Penwarden*, 103 Misc. 106; *Matter of Tucker*, 104 id. 617; affd., 187 App. Div. 502; affd., 228 N. Y. 505; 20 C. J. 35, 37.)

In *Watson* v. *Watson* (*supra*) the court said: " An election made in ignorance of material facts is, of course, not binding, when no other person's rights have been affected thereby. So if a person, though knowing the facts, has acted in misapprehension of his legal rights, and in ignorance of his obligation to make an election, no intention to elect, and consequently no election, is to be presumed. This has been settled in England by a long series of authorities, of which it is sufficient to cite a few. *Pusey* v. *Desbouvrie*, 3 P. Wms. 315; *Wake* v. *Wake*, 1 Ves. Jr. 335; S. C. 3 Bro. Ch. 255; *Padbury* v. *Clark*, 2 Macn. & Gord. 298; S. C. 2 Hall & Tw. 341; *Spread* v. *Morgan*, 11 H. L. Cas. 588, 602, 611, 615. See also *Stratford* v. *Powell*, 1 Ball & Beatty, 1; *Briscoe* v. *Briscoe*, 1 Jon. & Lat. 334; S. C. 7 Irish Eq. 123; *Sweetman* v. *Sweetman*, I. R. 2 Eq. 141. In *Reed* v. *Dickerman*, 12 Pick. 146, 151, and in *Delay* v. *Vinal*, 1 Met. 57, 65, the rule was so stated, and not denied, but the facts did not call for its application."

In *Schenck* v. *State Line Telephone Co.* (*supra*) the court, speaking through Judge Cardozo, said: " An election of remedies presupposes a right to elect (*Henry* v. *Herrington*, 193 N. Y. 218, 222). It ' is simply what its name imports; a choice, shown by an overt act, between two inconsistent rights, either of which may be asserted at the will of the chooser alone ' (*Bierce, Ltd.*, v. *Hutchins*, 205 U. S. 340). * * *

" We reach the same conclusion if we apply to the abortive choice the principles by which courts of equity are governed when they relieve against mistake (*Standard Oil Co.* v. *Hawkins*, *supra*).

" In thus holding, we do not deny that rescission to be effective must be announced without unreasonable delay (*Shappirio* v. *Goldberg*, 192 U. S. 232; *Schiffer* v. *Dietz*, 83 N. Y. 300; 3 Williston, Contracts, §§ 1526, 1469). Whether plaintiff acted in obedience to that rule must be gathered from all the circumstances as they may be developed on the trial."

In *Ellich* v. *Hamburg-Amerikanische P. A. Gesellschaft* (*supra*) the court said: " There is no point raised here with respect to the verdict's being against the weight of the evidence, it being contended in the appellant's brief that the sole issue is one of law, and that the filing of the claim, under his signature, for compensation, the award made thereunder, and the acceptance of benefits which arose therefrom, even though in ignorance of their purport, established as a matter of law an election of plaintiff to receive compensation and an assignment of the cause to the employer or carrier.

" This does not appear to be the rule. Mr. Justice KELLY, late presiding judge in the Second Department, stated in effect that an issue of fact could be presented as to whether plaintiff knew of the two remedies and elected to take compensation. In the case in which he wrote (*Lassell* v. *Mellon*, 219 App. Div. 589) the plaintiff alleged that he did not elect to receive compensation; he said that he had never heard of the Federal Employees' Compensation Act."

In *Berok.* v. *New York Central R. R. Co.* (*supra*) the judgment was reversed upon the ground that an issue of fact was presented as to whether plaintiff's conduct was such as to result in an irrevocable election to take compensation.

It is, therefore, clear upon authority that the learned trial court was in error in determining that as a matter of law there was a conclusive election made by appellant.

The judgment and order appealed from should, therefore, be reversed and a new trial granted, with costs to appellant to abide the event.

HILL, P. J., RHODES and McNAMEE, JJ., concur; CRAPSER, J., dissents.

Judgment and order reversed on the law, and new trial granted, with costs to the appellant to abide the event.