HENRY BERWALDT and MAY H. BERWALDT, Respondents, v. HERBERT A. R. ZEHRLAUT, Appellant.— Order denying defendant's motion for summary judgment affirmed. Order granting plaintiffs' motion for partial summary judgment for the sum of $187.24, with costs and disbursements, and judgment entered thereon, each modified by striking therefrom the provision for costs and disbursements, and as so modified unanimously affirmed, with ten dollars costs and disbursements to the respondents. Upon the entry of partial judgment, unless plaintiff elects not to continue the severed action for that part of his claim not conceded to be due, such plaintiff is not entitled to costs. (Civ. Prac. Act, § 1480; see former Code Civ. Proc. § 511, and *Waite* v. *Kaldenberg Company*, 68 Hun, 528, 529.) Hagarty, Carswell, Davis, Johnston and Taylor, JJ., concur.

HENRY BLACE, Respondent, v. BROSSER BROS., INC., and WILLIAM HENRY MENZ, Appellants.— The plaintiff, employed as a truck driver, was injured when he was struck on May 16, 1934, by the truck of defendant Brosser Bros., Inc., under circumstances charging that defendant and its driver, the other defendant, with negligence. His employer filed a report of the accident with the Industrial Commissioner, Bureau of Workmen's Compensation; and on June first the plaintiff made and filed a claim for compensation. He did not at that time file a notice of intention to sue a third person, but brought this action on June twelfth. There was one hearing on July 24, 1934, which the plaintiff attended because he had notice; and he says that he was asked a few questions. Later he received notice that a temporary award of compensation had been made to him on that day; and some time later he received a check for this amount, which he returned. These facts came to the knowledge of the Industrial Commissioner and a notice of intention to sue was filed. Thereupon, apparently on the motion of the State Industrial Board, the award was rescinded on November twenty-fourth. It is claimed by the appellants that these facts constitute an election to claim compensation. The question was submitted to the jury as a question of fact. The verdict was for the plaintiff. Judgment of the City Court of Mount Vernon unanimously affirmed, with costs. The facts presented indicate no election. (*Lassell* v. *Mellon*, 219 App. Div. 589; *Ellich* v. *Hamburg-Amerikanische P. A. Gesellschaft*, 226 id. 32; affd., 252 N. Y. 541; *Liston* v. *Hicks*, 243 App. Div. 159.) Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.