MAYFAIR DETECTIVES, INC., Appellant, *v.* KARP METAL PRODUCTS Co., INC., Respondent.

First Department, June 19, 1942.

*Joseph B. Kaufman*, for the appellant.

*Leonard Acker* of counsel [*Joseph Hellenbrand* with him on the brief; *Rubinton & Coleman*, attorneys], for the respondent.

CALLAHAN, J.    The action was brought to recover an alleged balance due for work, labor and services rendered by plaintiff on behalf of defendant.    Attached to the complaint and incorporated by reference, is a schedule of the dates on which certain specified alleged work, labor and services were performed.

The answer admits, by not denying, the agreed price for specified types of services, and also the payment of a certain amount on account.    It specifically denies that certain particular services were rendered as set forth in the schedule attached to the complaint, but expressly concedes that there is a balance due plaintiff in the sum of $1,717.30, instead of the $3,327.55 claimed in the complaint.

Defendant tendered into court the $1,717.30 concededly due and owing, together with the sum of $16.50 costs that would be due plaintiff on the conceded amount up to the time of tender.

Plaintiff's motion for partial summary judgment in the amount conceded by defendant was denied by Special Term upon the theory that, if such relief were afforded, defendant, without its consent, would be deprived of a right to costs accruing under the provisions of section 173 of the Civil Practice Act.    We do not see any such prejudice to defendant.

Under the status of the pleadings herein, each item set forth in the schedule annexed to the complaint was, to all practical intents and purposes, a separate and distinct cause of action.    Long before the adoption of the present remedy of summary judgment, it was held that, where a plaintiff separately alleged two causes of action, defendant admitting one but putting the other in issue, the plaintiff was entitled to judgment on that cause of action not denied, although an offer of judgment had been made by defendant for such sum.    (*Bradbury* v. *Winterbottom*, 13 Hun, 536.)

The reasoning of the *Bradbury* case (*supra*), it seems to us, is applicable here.    We find not only a tender, but an admission in the pleadings that a certain balance was owing.

Plaintiff herein is entitled to partial summary judgment for the conceded amount due on the items not placed in issue.    It will not be entitled at this time to costs on the partial judgment, as it requests a severance and evinces a desire to prosecute the disputed portions of its separable claim.    (Civ. Prac. Act, § 1480; *Berwaldt* v. *Zehrlaut*, 247 App. Div. 732.)    The ultimate question of costs must await the trial of those issues.

It follows, therefore, that the order appealed from should be reversed, without costs, the motion for partial summary judgment granted in the sum of $1,717.30, the action severed with respect to the balance of plaintiff's claim, the trial of which should proceed in the usual manner.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Order unanimously reversed, without costs, the motion for partial summary judgment granted in the sum of $1,717.30, the action severed with respect to the balance of plaintiff's claim, the trial of which should proceed in the usual manner. Settle order on notice.