Per Curiam.

The complaint in each case alleges an overcharge of rental for dwelling space in violation of subdivision 5 of section 11 of the Emergency Housing Rent Control Law (L. 1957, ch. 755). The section provides: “In such action, the landlord shall be liable for reasonable attorney’s fees and costs as determined by the court, plus whichever of the following sums is the greater: (a) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine * * * provided, however, that such amount shall be the amount of the overcharge or overcharges or twenty-five dollars, whichever is greater, if the defendant proves that the violation *698 of the regulation or order in question was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation.”
Since the section provides for reasonable attorney’s fees “ as determined by the court ” and for damages not more than three times the overcharge 11 as the court in its discretion may determine ”, it was error for the trial court to submit for the jury’s determination the question of reasonable attorney’s fees and the question of whether plaintiffs were entitled to single, double or treble damages.
The judgments should be reversed and a new trial ordered, with $30 costs as of one appeal, to appellant to abide the event.
Concur—Hofstadter, J. P., Hecht and Aurelio, JJ.
Judgments reversed, etc.