■ GERALD T. LANGE, Respondent, v. SAMUEL MASSAMENO, Appellant.— In an action by a tenant, pursuant to section 11 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as last amd. by L. 1961, ch. 337) to recover overcharges of rent, treble damages, reasonable counsel fees and costs, the defendant landlord appeals from an order of the City Court of the City of Mount Vernon, dated July 12, 1962, which denied his motion for an order striking certain costs and disbursements from the bill of costs and reducing accordingly the amount of the judgment entered July 2, 1962. Order modified by striking out the last paragraph and by substituting therefor a provision granting the motion to the extent of reducing the sum of $80 awarded as statutory costs to the sum of $25, and by modifying the judgment accordingly. As so modified, order affirmed, without costs. Plaintiff heretofore moved for summary judgment. The motion was granted to the extent of an award of $981.68, the amount of the overcharge, and the action was severed as to the other issues. Partial judgment was entered for the sum of $981.68 plus claimed taxable costs and disbursements. Thereafter the partial judgment was modified by striking therefrom the award of costs and disbursements, and the right to tax costs and disbursements was deferred until the trial or other disposition of the issues relating to the severed portion of the action (see Civ. Prac. Act, § 1480; *Berwaldt* v.

*Zehrlaut*, 247 App. Div. 732, mod. 247 App. Div. 890). After trial, plaintiff was awarded $350 for reasonable counsel fees but was denied treble damages. He thereupon entered a judgment for $350 plus $80 as taxable costs and $14.15 for disbursements. The appeal is from the order denying defendant's motion to strike certain costs and disbursements from the bill of costs and to modify the judgment accordingly. Under subdivision 1 of section 214 of the Mount Vernon City Court Act (L. 1922, ch. 490, as amd.), a plaintiff who recovers the sum of $350 after actual trial is entitled to $25 as costs and, under subdivision 14 of said section, he is entitled to taxable disbursements. On this appeal, defendant does not question the individual items of disbursements nor does he contend that plaintiff was not entitled to an award of $25 costs as a result of recovering the sum of $350 after actual trial. Defendant does object to the award of $80 costs, which sum was the total amount of costs to which a plaintiff would be entitled if he were awarded $981.68 after actual trial and $350 after another actual trial. At common law neither costs nor disbursements were allowed to the prevailing party and the allowance thereof has always been regulated by legislation. Unless a successful plaintiff can refer to some legislation giving him the costs that he seeks, he is not entitled to recover said costs (*Equitable Life Assur. Soc. of United States* v. *Hughes*, 125 N. Y. 106, 108; *McKuskie* v. *Hendrickson*, 128 N. Y. 555). Section 214 of the Mount Vernon City Court Act (L. 1922, ch. 490, as amd.), which regulates costs in that court, makes no provision for costs on a judgment or on a partial judgment entered on a motion for summary judgment (cf. N. Y. City Civ. Ct. Act, § 163; former N. Y. City Mun. Ct. Code, § 164), and thus the plaintiff was not entitled to costs on the amount awarded by the order granting partial judgment. In our opinion, section 11 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as last amd. by L. 1961, ch. 337), which imposes liability on a landlord for "reasonable attorney's fees and costs as determined by the court", was not intended to direct or allow a Judge in an action in the City Court of Mount Vernon to grant taxable costs to be added to the judgment, other than motion costs, when the judgment was entered pursuant to an order granting summary judgment or partial summary judgment (see, e.g., *Kravitz* v. *Nankin*, 200 Misc. 219, 220; cf. *Bishop* v. *Hand*, 28 Misc 2d 697). Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.