Allen Murray Myers, J.
On the court’s own motion, the decision dated February 27, 1967 is hereby amended to read as follows:
This is an action for alleged overcharges of rent in violation of the provisions of the City Rent and Rehabilitation Law (Administrative Code of the City of New York, ch. 51, tit. Y) and the Local Emergency Housing Rent Control Act (L. 1962, ch. 21 — State Enabling Act) as well as the New York City Rent, Eviction and Rehabilitation Regulations.
The plaintiff signed a lease to an apartment for a term beginning on September 1, 1963 at a rental of $82.50 per month. More than two and one-half years later, on March 23, 1966, the City Rent Agency issued an order fixing the maximum rent for that apartment as of September 1, 1962 at $66.95 per month and directing the defendant landlord to pay to plaintiff tenant within 30 days from the date of the order all rents collected in excess of said maximum rent. The said order of the City *309 Rent Agency was sustained upon review by order of the Supreme Court in an article 78 proceeding. The landlord has appealed to the Appellate Division from said Supreme Court decision. Meanwhile, more than 30 days have elapsed since the issuance of the order by the City Rent Agency and the landlord has failed to comply therewith.
Plaintiff tenant now moves for summary judgment pursuant to CPLR 3212 for the relief demanded in the complaint, i.e., a reasonable attorney’s fee of $350, liquidated damages in the amount of three times the amount of the overcharges, and $15.55 representing excess security deposited with the landlord.
The defendant landlord in opposition to this motion states, “ that .should the Appellate Courts eventually uphold the Supreme Court decision, then all the overcharges as found by the court, will be repaid without the necessity of a law suit but he objects to the payment of treble damages, attorney’s fees, and alleges that the statute limits the plaintiff to the recovery of only those overcharges which were paid within two years of the institution of this lawsuit, to wit, from July 1, 1964 and not from September 1, 1963.
The landlord concedes, in effect, liability for the over-charges, arguing only that the motion for summary judgment therefor and for counsel fees is premature because of the pendency of the appeal from the Supreme Court decision upholding the order of the City Rent Agency.
Regarding the stay pending the appeal, the court in the case of Eichorn v. Goodman (22 Misc 2d 516, 518-519) held as follows: “ It seems to the court that landlord’s contention in this regard is wholly without merit. The court knows (and has been referred to) no rule, statutory or decisional, staying award of a judgment for excess rent and incidental counsel fees merely because an article 78 proceeding has been instituted. Landlord’s remedy, if any there be, must in any event be sought in the Supreme Court and not here. Furthermore, landlord may recoup any payment made by him pursuant herein if the Rent Commission’s order should eventually be reversed. ”
As for the defense of the Statute of Limitations, subdivision f of section Y51-11.0 of the Administrative Code of the City of New York provides that, “ If any landlord who receives rent from a tenant violates any order of the city rent agency containing a directive that rent collected by the landlord in excess of the maximum rent be refunded to the tenant within thirty days, the city rent agency may, within one year after the expiration of such thirty day period * * * bring an action *310 against the landlord on account of the failure of the landlord to make, the prescribed refund. In such action, the landlord shall be liable for reasonable attorney’s fees and costs as determined by the court, plus whichever of the following sums is greater: (1) such amount not more than three times the amount directed to be refunded, or the amount directed to be refunded, upon which the action is based as the court in its discretion may determine * * *. The tenant paying such rent may also institute an action under this subdivision if the city rent agency fails to institute an action within thirty days from the date of occurrence of the violation. * * * When an action is brought by the tenant, the damages which shall be awarded to the tenant shall be the same as if such action was brought by the city rent agency. ” (Emphasis supplied.)
Since the City Rent Agency did not institute an action within the required 30-day period, the tenant had a right to bring this action for the full amount directed to be refunded plus costs, a reasonable attorney’s fee, and treble damages, unless “the defendant proves that the violation of the order in question was neither wilful nor the result of failure to take practical precautions against the occurrence of the violation ”. (Administrative Code, § Y51-11.0.)
It seems therefore that plaintiff is entitled to summary judgment for the full amount of the overcharges directed to be refunded by the order of the City Rent Agency.
However, when we come to the question of treble damages we have another problem. This depends upon whether the conduct of the landlord in violating the order of the City Rent Agency was willful or the result of failure to take practical precautions against the occurrence of the violation.
On that point the court in the case of Dickson v. Price Nelson, Inc. (204 N. Y. S. 2d 643, 645) held as follows: “ Although the plaintiff is entitled to a partial summary judgment for the overcharges * * * the question of wilfulness and as to whether any additional damages should be recoverable is an issue of fact properly determinable only at a trial, and not by means of an assessment under Rule 113. The issue of wilfulness, a question involving a moral appraisal of the landlord’s motives and conduct, is not to be equated with the simple question of what sum may be owing from the defendant to the plaintiff. This is not a mere matter of calculation of a sum or sums of money but one involving a delicate balancing of equities and a careful consideration of what is fair and just in the circum *311 stances. In assessing treble damages or in reaching the conclusion that no such damages should be imposed, a court or jury must exercise judgment and discretion of a kind and quality which are not related to the ordinary process of fact-finding and computation incidental to the kind of assessment contemplated by Rule 113. ”
However, in Bishop v. Hand (28 Misc 2d 697, 698) the court said: “ Since the section provides for reasonable attorney’s fees ‘ as determined by the court ’ and for damages not more than three times the overcharge 1 as the court in its discretion may determine ’, it was error for the trial court to submit for the jury’s determination the question of reasonable attorney’s fees and the question of whether plaintiffs were entitled to single, double or treble damages. ”
This means that the question of treble damages, although not a proper issue for the jury, may still be an issue of fact for the court to determine. This court finds that there is a triable issue of fact as to that matter.
There remains then the question of interest and attorney’s fees. With regard to these the court will follow the formula laid down in Dickson v. Price Nelson, Inc. (supra), except that the issues are to be determined by a court alone in accordance with Bishop v. Hand (supra). In that case the court held that plaintiff may have either the amount of the actual overcharges plus interest or liquidated (treble) damages without interest. Plaintiff may not have both liquidated damages and interest. The court also held that (p. 646), “ The question of the amount of counsel fees may not be determined until the total recovery is ascertained, that is, whether the plaintiff is entitled to liquidated damages beyond the overpayments of rent, and that too should be left for the trial of the case even if partial judgment is now allowed. ”
Accordingly plaintiff has several options:
(1) To take no judgment at this time, even in the amount to which he is concededly entitled, but to await trial of the case, which will determine all of the issues.
(2) To enter partial summary judgment immediately for $489.31 (actual overcharges) without interest. Upon the entry of such judgment costs will be taxable (CCA, § 1903, subd. [b]) and the action will be deemed severed so that it may proceed to trial with respect to all other questions, such as counsel fees and treble or other liquidated damages. In the event of plaintiff’s failure to recover damages, apart from counsel fees, in excess of the amount of the overpayments of rent, he may then, *312 when he enters judgment for such counsel fees as may be allowed, include in the same judgment interest on said $489.31 to the date of its entry.
(3) To take $489.31 together with interest and costs and to abandon the claim for treble or other liquidated damages, and in that event the parties might agree as to the proper counsel fee or the court would be willing to fix it at this time. Motion granted to the extent hereinabove indicated.