■ In the Matter of GAMEWAYS, INC., et al., Respondents, v DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW YORK, Appellant. — In a proceeding pursuant to CPLR article 78 to, *inter alia,* prohibit the Department of Consumer Affairs of the City of New York from "commencing, conducting or prosecuting any administrative hearings against the petitioners" on the issue of whether they are operating an arcade in violation of the provisions of the Administrative Code of the City of New York, the appeal is from so much of a judgment of the Supreme Court, Kings County (Jordan, J.), dated February 8, 1983, as granted the petition to the extent of enjoining the commencement, conducting and prosecution of such administrative hearings and denied the appellant's cross motion to dismiss the petition for failure to state a cause of action and upon the ground that there were other actions pending between the parties involving the same issues. ¶ Judgment reversed insofar as appealed from, on the law, with costs, petition denied, cross motion granted and proceeding dismissed. ¶ Special Term erred in holding that the Department of Consumer Affairs of the City of New York was precluded, by its commencing actions in the Supreme Court, from pursuing an administrative remedy. The election of remedies doctrine only operates when there was a choice of remedies available at the time the prior actions were undertaken (*Henry v Herrington,* 193 NY 218; *Liston v Hicks,* 243 App Div 159, affd 269 NY 535). ¶ Here, at the time in 1981 when it brought actions in the Supreme Court to enjoin such activities, the Department did not possess the power to order businesses such as the ones operated by the petitioners to stop illegal activities. The City of New York thereafter enacted a new provision of its Administrative Code which specifically allows the Department to issue and enforce such orders administratively (Administrative Code of City of New York, § 773-4.1, adopted by Local Laws, 1982, No. 5 of City of New York, eff Feb. 26, 1982). The Department therefore did not elect its remedy so as to preclude recourse to administrative proceedings. ¶ Special Term also erred in ruling that the Department is bound by the decision of Special Term, New York County, in *Gameways, Inc. v McGuire* (NYLJ, May 27, 1982, p 6, cols 2, 3 [Blyn, J.]). Not only are Justice Blyn's comments about the First Amendment clearly dicta, but he raised the issue *sua sponte.* Thus, the department did not have a "full and fair opportunity to contest the decision said to be dispositive of the present controversy" (*Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485). Ironically, other decisions involving the parties herein have reached the

opposite conclusion, namely that video games are not forms of speech protected by the First Amendment (*City of New York v Rambling Ram Realty Corp.,* Supreme Ct, NY County, June 14, 1982, Galligan, J., affd 93 AD2d 1007; see, also, *America's Best Family Showplace v City of New York,* 536 F Supp 170, 174). ¶ Moreover, Special Term erred in denying the Department's cross motion to dismiss the proceeding. There are already two prior pending actions involving the same parties and same issues. Petitioners can obtain full relief, including injunctive relief if appropriate, in those actions. Petitioners should, in their own words, avoid "multiple actions". Finally, we note that this proceeding should have been commenced in New York County (see CPLR 506, subd [b]). Gibbons, J. P., O'Connor, Boyers and Lawrence, JJ., concur.